## BAYLIS v. TRAVELLERS' INSURANCE COMPANY.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF NEW YORK.

Argued January 5, 1885.—Decided February 2, 1885.

When parties do not waive the right of trial by jury, the court may not sub-
stitute itself for a jury, by passing upon the effect of the evidence—finding
the facts—and rendering judgment thereon.

At the trial of this case, after close of the testimony, defendant moved to dis-
miss on the ground of the insufficiency of the evidence to sustain a verdict.
This motion being denied, plaintiff asked that the case be submitted to the
jury to determine the facts on the evidence. The court refused this, and
plaintiff excepted. The court then ordered a verdict for plaintiff, subject
to its opinion, whether the facts proved were sufficient to render defendant
liable to plaintiff on the cause of action stated. Plaintiff moved for judg-
ment on the verdict, and defendant moved for judgment on the pleadings
and minutes of trial. Judgment was rendered for defendant, upon an
opinion of the court as to the effect of the evidence, and as to the law on the
facts as deduced from it by the court: *Held*, That the plaintiff was thereby
deprived of his constitutional right to a trial by jury, which he had not
waived, and to which he was entitled.

This was an action brought by the plaintiff in error to re-
cover upon a policy of insurance issued by the defendant,
whereby it insured William Edward Parker Baylis, the father
of the plaintiff, in the sum of $10,000, to be paid to the plain-
tiff, in case said assured should accidentally sustain bodily
injuries which should produce death, within ninety days.

The complaint alleged that the assured, " on or about the
20th day of November, 1872, did sustain bodily injuries acci-
dentally, to wit, in that wholly by accident he took certain
drugs and medicines, which, as taken by him, were poisonous
and deadly, when, in fact, he intended to take wholly a differ-
ent thing and in a different manner; and that, in consequence
of said accident solely, said assured died on said 20th day of
November, 1872."

An issue was made by a denial in the answer of this allega-

tion, so far as it alleged that the poisonous and deadly drugs were taken "accidentally, or by accident, or with the intent, or under the circumstances stated or mentioned in the complaint."

The cause came on for trial by jury, when, as appears by the bill of exceptions, the plaintiff put in evidence the policy of insurance, proved the fact and circumstances of death, and notice thereof to the defendant, and it was conceded that the question of suicide was not raised by the evidence.

The testimony being closed, the counsel for the defendant moved to dismiss the complaint on the ground that the evidence was insufficient to sustain a verdict. This motion was denied, and thereupon the plaintiff's counsel insisted "that the evidence presented questions of fact which ought to be submitted to the jury, and asked that the case be submitted to the jury to determine upon the evidence."

The bill of exceptions further stated, that "the court refused to submit the cause to the jury, and the plaintiff's counsel duly excepted."

The court then directed the jury to render a verdict for the plaintiff for the full amount claimed, subject to the opinion of the court upon the question whether the facts proved were sufficient to render the defendants liable upon their policy, and the jury accordingly rendered a verdict for the plaintiff for the amount sued for, with interest.

The plaintiff moved for judgment upon the verdict, and the defendant moved for judgment in its favor, on the pleadings and minutes of trial.

Judgment was accordingly rendered for the defendant upon the opinion of the judge, a copy of which is set out in the record, and is as follows:

" This action is brought upon a policy of insurance against accident, issued by the defendants, whereby they agree to pay to the plaintiff the sum of $10,000 ' within ninety days after sufficient proof that the insured, William E. P. Baylis, at any time within the continuance of the policy, shall have sustained bodily injuries effected through external, violent, and accidental means, within the intent and meaning of this contract

and the conditions hereunto annexed, and such injuries alone shall have occasioned death within ninety days from the happening thereof.' The contract contained the following proviso: '*Provided*, That this insurance shall not extend to any death or disability which may have been caused wholly or in part by any surgical operation or medical or mechanical treatment for disease.' The cause was tried before the court and a jury, when, upon the evidence adduced, a verdict for the plaintiff was directed, subject to the opinion of the court upon the question whether the facts proved were sufficient to render the defendants liable upon their policy. The following are the facts as derived from the evidence, and in stating them I adopt the conclusions of fact most favorable to the plaintiff that the evidence will permit to be drawn: The insured died on the 20th of November, 1872. A week or so previous to his death he was suffering from influenza, the result of a cold, and was then treated therefor by his physician. He began to get better, when, on Friday night before his death, he had an attack of cholera morbus, accompanied with convulsions, which seemed to completely shatter his nervous system, and left him in a wholly nervous state. On Monday following he was again better, proposed to go to business, and asked his physician, on account of restlessness, to give him some opiate for a quiet night's sleep. The physician ordered a preparation of opium, and directed him to take twenty drops of it before going to bed. He was at this time taking chloral, under the same medical advice, and the opium was directed to be taken in addition to a prescribed dose of chloral. That night the insured took the prescribed dose of chloral, and as may be inferred from the facts shown, a dose of opium also. There is no direct evidence as to the quantity of opium he took, but I shall treat the case as if the evidence respecting the symptoms that followed, and the actions of the insured, was sufficient to warrant a jury in finding that, through inadvertence, the insured took more opium than he intended to take, and such a quantity that his death was caused thereby. It is by no means clear that such finding would be warranted by the evidence given, and it is certain that no conclusion more favorable to the plaintiff can

be drawn from the proofs. I am therefore to determine whether, as matter of law, such a death is within the scope of the policy sued on. Upon this question my opinion is adverse to the plaintiff. As I view the evidence the death was caused by 'medical treatment for disease,' and, if so, it was excepted by the terms of the policy.

" The contention in behalf of the plaintiff is that the opium was not administered by the hand of a physician, and, moreover, was not the dose directed by the physician to be taken, but was a dose taken by the insured upon his own judgment, and that these facts take the case out of the exception in the policy. But it must be conceded that the opium which caused the death was taken by the insured with the object of allaying the nervous excitement from which he was suffering. Certainly, then, this was disease. The advice of a physician had been taken as to its cure. It is equally certain that there was a treatment of this disease, for the remedy prescribed by the physician was taken, although in excessive quantity, and the opium taken was so taken because the physician had prescribed it to remedy the disease. The opium was taken with no other object than to effect the result which the physician had advised should be attained by using opium. Under these circumstances the fact that the patient deviated from the direction given by the physician in the matter of amount, and, upon his own judgment, took a larger dose than had been directed, does not change the character of the act. The object of the insured in taking the opium he did was to cure or else to kill. The facts repel the idea of an intention to kill and prove the intention to cure. Death caused by such an act, done with such an intent, is, in my opinion, a death caused wholly or in part by medical treatment for disease, and, therefore, is not covered by the policy. I am also of the opinion that the facts do not disclose a case of bodily injury effected through 'external, violent, and accidental means,' occasioning death, within the meaning of the policy. I do not consider that violence can fairly be said to be an ingredient in the act of taking a dose of medicine, although the medicine be destructive in its action and death the result.

" These considerations compel to a denial of the motion for judgment in favor of the plaintiff, and a direction that judgment for the defendants be entered."

To which ruling and conclusion the plaintiff duly excepted.

*Mr. John L. Hill* for plaintiff in error.

*Mr. F. E. Mather* for defendant in error.

Mr. Justice Matthews delivered the opinion of the court. He recited the facts as above stated, and continued:

If, after the plaintiff's case had been closed, the court had directed a verdict for the defendant on the ground that the evidence, with all inferences that the jury could justifiably draw from it, was insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, it would have followed a practice sanctioned by repeated decisions of this court. *Randall* v. *Baltimore & Ohio Railroad*, 109 U. S. 478, and cases there cited. And, in that event, the plaintiff, having duly excepted to the ruling in a bill of exceptions, setting out all the evidence, upon a writ of error, would have been entitled to the judgment of this court, whether, as a matter of law, the ruling against him was erroneous.

Or, if in the present case, a verdict having been taken for the plaintiff by direction of the court, subject to its opinion whether the evidence was sufficient to sustain it, the court had subsequently granted a motion on behalf of the defendant for a new trial, and set aside the verdict, on the ground of the insufficiency of the evidence, it would have followed a common practice, in respect to which error could not have been alleged, or it might, with propriety, have reserved the question, what judgment should be rendered, and in favor of what party, upon an agreed statement of facts, and afterwards rendered judgment upon its conclusions of law. But, without a waiver of the right of trial by jury, by consent of parties, the court errs if it substitutes itself for the jury, and, passing upon the effect

of the evidence, finds the facts involved in the issue, and renders judgment thereon.

This is what was done in the present case. It may be that the conclusions of fact reached and stated by the court are correct, and, when properly ascertained, that they require such a judgment as was rendered. That is a question not before us. The plaintiff in error complains that he was entitled to have the evidence submitted to the jury, and to the benefit of such conclusions of fact as it might justifiably have drawn; a right he demanded and did not waive; and that he has been deprived of it, by the act of the court, in entering a judgment against him on its own view of the evidence, without the intervention of a jury.

In this particular, we think error has been well assigned.

The right of trial by jury in the courts of the United States is expressly secured by the Seventh Article of Amendment to the Constitution, and Congress has, by statute, provided for the trial of issues of fact in civil cases by the court without the intervention of a jury, only when the parties waive their right to a jury by a stipulation in writing. Rev. Stat. §§ 648, 649.

This constitutional right this court has always guarded with jealousy. *Elmore* v. *Grymes*, 1 Pet. 469; *De Wolf* v. *Rabaud*, 1 Pet. 476; *Castle* v. *Bullard*, 23 How. 172; *Hodges* v. *Easton*, 106 U. S. 408.

For error in this particular, the

*Judgment is reversed, and the cause is remanded, with directions to grant a new trial.*