### BOWMAN v. ATCHISON, T. & S. F. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. December 19, 1910.)

No. 3,307.

1. RAILROADS (§ 384*)—PERSONS ON OR NEAR TRACK—DEATH—CONTRIBUTORY NEGLIGENCE.

Decedent was run over and killed by a passing engine belonging to defendant about 9 o'clock at night in front of defendant's passenger depot and hotel. His employment required his presence in the immediate vicinity of the accident and he was well informed concerning the customary movements of trains and engines over the tracks at that place.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The night was dark, but the space on which the tracks were laid between the depot and hotel and opposite buildings was brilliantly lighted. The view was unobstructed for more than a mile in the direction from which the engine came, except as limited by the darkness, and there were no other moving engines or cars to confuse him or distract his attention. Other witnesses saw the engine approaching at distances ranging from 250 to 500 feet, and another witness saw deceased and the engine at the moment of the accident at a distance of 200 feet. *Held*, that decedent was negligent as matter of law.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1294; Dec. Dig. § 384.*]

**2. TRIAL (§ 342*)—DIRECTION OF VERDICT—ENTRY.**

Where a motion to direct a verdict is sustained, a verdict should be actually returned and entered as directed.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 342.*]

**3. APPEAL AND ERROR (§ 274*)—EXCEPTIONS—SCOPE.**

A general exception to the sustaining of a motion to direct a verdict and to the final judgment was insufficient to justify a review of the court's failure to require the actual rendition and entry of a verdict in accordance with the direction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1631–1645; Dec. Dig. § 274;* Trial, Cent. Dig. §§ 258, 375, 406, 691–693.]

In Error to the Circuit Court of the United States for the District of Colorado.

Action by Sarah F. Bowman against the Atchison, Topeka & Santa Fé Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Charles R. Bosworth, H. N. Hawkins and E. F. Richardson, for plaintiff in error.

Henry T. Rogers, Daniel B. Ellis, Lewis B. Johnson, Pierpont Fuller and George A. H. Fraser, for defendant in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and CARLAND, District Judge.

HOOK, Circuit Judge. This was an action by Sarah F. Bowman against the railway company for damages for the death of her husband. At the conclusion of plaintiff's case the trial court sustained defendant's motion for a verdict. The evidence was solely that on behalf of the plaintiff, and it showed contributory negligence of the deceased beyond any reasonable question. He was run over and killed by a backing engine about 9 o'clock at night in front of the passenger depot and hotel building at La Junta, Colo. The duties of the service in which he had been engaged were performed in the immediate vicinity of the accident, and he was well informed regarding it and of the customary movement of trains and engines over the tracks at that place. The speed of the engine was variously estimated at from two or three to eight miles per hour. It had recently stormed and the night was dark, but the space on which the railroad tracks were laid, between the depot and hotel building and the company buildings on the opposite side, was brilliantly lighted by arc lights and by the illumination of the adjacent structures. There were also arc lights in the

distance. His view was unobstructed by physical obstacles for more than a mile in the direction from which the engine came, though, of course, it was limited by the darkness. There were no other moving engines or cars to confuse him or distract his attention. Two witnesses standing in front of the hotel saw the engine approaching, one of them when it was between 250 and 300 feet away and the other when it was about 500 feet distant. The latter said any one looking in that direction could have seen the engine that far away. The deceased was nearer to it than either of them and had better opportunity for observation. Another witness saw the deceased and the engine at the moment of the accident more than 200 feet away. All this was uncontradicted, and it was supplemented by descriptive details. Three witnesses testified the engine bell was ringing and two were unable to say whether it was or not. The conclusion is irresistible that the deceased, carelessly inattentive, walked directly in the way of the engine of the approach of which he could have learned had he exercised ordinary care. There is a suggestion, and it does not amount to more, that he may have been caught in a decayed place in a crossing plank, but there is nothing to support it in the evidence that reaches the dignity of proof. The applicable principles of law are so familiar and have been applied so many times by this court that it is unnecessary to restate them or cite the cases.

The court sustained the motion for a directed verdict and added: "Enter judgment for the defendant as on the verdict of the jury." No verdict of the jury appears in the record, and the fair inference is the court dispensed with one. The plaintiff excepted generally to the ruling and the final judgment, but the court was not informed that complaint was made because a verdict was not taken in conformity with the ruling on the motion. And, though it is made the subject of assignments of error, they are not relied on in the brief. Our attention is, however, directed to the practice. We agree with counsel that the practice is objectionable. A serious question would have been presented had the trial court been distinctly advised that exception was taken to it and an opportunity given to correct it. In Hodges v. Easton, 106 U. S. 408, 1 Sup. Ct. 307, 27 L. Ed. 169, issue being joined in an action at law upon all the averments of the complaint, there was a jury trial and a special verdict in answer to certain questions propounded by the court. There was no general verdict. Judgment for plaintiff was rendered "upon the special verdict of the jury, and facts conceded or not disputed at the trial." The special verdict alone was insufficient to support the judgment. The defendants not having preserved the evidence by bill of exceptions, it was urged by plaintiffs that in conformity with the local practice it should be presumed that "the facts conceded or not disputed at the trial" and those found in the special verdict were when taken together sufficient to support the judgment. But upon that the Supreme Court said:

"We then have a case at law, which the jury were sworn to try, determined, as to certain material facts, by the court alone, without a waiver of jury trial as to such facts. It was the province of the jury to pass upon the issues of fact, and the right of the defendants to have this done was secured by the Constitution of the United States. They might have waived that

right, but it could not be taken away by the court. Upon the trial, if all the facts essential to a recovery were undisputed, or if they so conclusively established the cause of action as to have authorized the withdrawal of the case altogether from the jury, by a peremptory instruction to find for plaintiffs, it would still have been necessary that the jury make its verdict, albeit in conformity with the order of the court. The court could not, consistently with the constitutional right of trial by jury, submit a part of the facts to the jury, and, itself, determine the remainder without a waiver by the defendants of a verdict by the jury."

See, also, Baylis v. Insurance Co., 113 U. S. 316, 5 Sup. Ct. 494, 28 L. Ed. 989. What we said in Moore v. Petty, 68 C. C. A. 306, 135 Fed. 668, is not in conflict. In that case the record did not disclose that any writing in the form of a verdict was signed by anyone acting as foreman of the jury, but the journal of the court recited that a motion for a directed verdict was sustained, and that the jury returned one accordingly. Our observations were addressed to the absence of a written verdict, and the practice presumably followed was not approved.

Affirmed.