Joseph SICK, Individually and as parent and natural guardian of Laura Sick, an infant, and Laura Sick, Individually, Appellants,

v.

CITY OF BUFFALO, NEW YORK, Board of Education of Buffalo, New York, Michael J. Anelli, Riverside High School, James Burrell, Riverside High School, Edmond Maroone and Board of Education, Appellees.

No. 516, Docket 77–7314.

United States Court of Appeals, Second Circuit.

Submitted Dec. 15, 1977.

Decided April 5, 1978.

Barbara M. Sims, Buffalo, N.Y., for appellants.

Rose H. Sconiers, Buffalo, N.Y. (Leslie G. Foschio, Corp. Counsel, City of Buffalo, Buffalo, N.Y., of counsel), for appellees.

Before OAKES and VAN GRAAFEILAND, Circuit Judges, and BARTELS, District Judge.*

OAKES, Circuit Judge:

This is a direct appeal from two orders of United States Magistrate Edmund Maxwell, of the Western District of New York. Magistrate Maxwell dismissed appellants' complaint[1] against three defendants.[2] Then, after a jury verdict of "not cause for action"[3] against the remaining two defendants was recorded by the clerk of the district court, the magistrate denied appellants' motion for judgment notwithstanding the verdict.[4]

With the parties' consent, District Judge John T. Curtin originally referred the case to the magistrate for trial with a six-member jury. We will assume that the district court had authority to appoint the magis-

---

\* Of the Eastern District of New York, sitting by designation.

1. The complaint alleges that appellees unlawfully discriminated against Laura Sick on the basis of her sex by temporarily preventing her participation on the high school boys' track team and by not permitting her to compete in a school track meet.

2. The motion to dismiss was granted on the last day of trial. There is no indication that the district court reviewed the ruling.

3. The judgment on the jury verdict, recorded by the clerk of the district court on October 1, 1976, stated that there was "no cause for action." The amended judgment recorded on October 5, 1976, stated that there was "not cause for action."

4. Appellants' motion for judgment notwithstanding the verdict was denied on October 26, 1976. The denial was recorded by the clerk of the district court on November 9, 1976. Again, there was no review by the district court.

trate as a special master.[5] We will further assume that trial by jury before a magistrate, with the parties' consent, is proper.[6] Nevertheless, we decline to consider the merits at this time because this court lacks jurisdiction to hear the appeal. We therefore remand to the district court.

The crucial inquiry is whether a magistrate's orders and rulings must be reviewed and adopted by the referring district court before appellate jurisdiction will lie. The starting point of this inquiry is consideration of the nature of circuit court jurisdiction. It is clear that our jurisdiction must be predicated on a statute. 9 *Moore's Federal Practice* ¶ 110.01, at 47 (2d ed. 1975). At first glance, the general statutory grant authorizing appeals from "final decisions of the district courts of the United States," 28 U.S.C. § 1291, appears inapplicable because

---

5. Under current 28 U.S.C. § 636(b)(2), which was added to § 636 on October 21, 1976, Pub. L.No. 94–577, § 1, 90 Stat. 2729 (1976), the appointment undeniably would have been proper. This provision permits designation of a magistrate "in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure . . . ." Rule 53(b) authorizes reference to a master in jury cases "only when the issues are complicated." The reference here, however, was made on July 21, 1976, and the trial was terminated by October 1, 1976. Both the reference and the trial occurred, therefore, prior to the effective date of the amendment, October 21, 1976. At the time of the reference and the trial, the statute provided in relevant part:

> Any district court of the United States, by the concurrence of a majority of all the judges of such district court, may establish rules pursuant to which any full-time United States magistrate, or, where there is no full-time magistrate reasonably available, any part-time magistrate specially designated by the court, may be assigned within the territorial jurisdiction of such court such additional duties as are not inconsistent with the Constitution and laws of the United States. The additional duties authorized by rule may include, but are not restricted to—
> (1) service as a special master in an appropriate civil action, pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts;
> (2) assistance to a district judge in the conduct of pretrial or discovery proceedings in civil or criminal actions; and
> (3) preliminary review of applications for posttrial relief made by individuals convicted of criminal offenses, and submission of a report and recommendations to facilitate the decision of the district judge having jurisdiction over the case as to whether there should be a hearing.

Pub.L.No. 90–578, § 636(b), 82 Stat. 1113 (1968).

If the magistrate was appointed pursuant to then Section 636(b)(1) Federal Rule of Civil Procedure 53(b) would have been applicable; and the issues here were surely not "complicat-

ed" within the contemplation of Rule 53(b). Nevertheless, precedent in this circuit refers to the long-established practice permitting references by consent in civil cases. *Steger v. Orth*, 258 F. 619, 620 (2d Cir.), *cert. denied*, 250 U.S. 663–64, 40 S.Ct. 11, 63 L.Ed. 1196 (1919). Consensual references have apparently been used "[i]n a substantial number of cases" in this circuit. *United States v. Eastmount Shipping Corp.*, 62 F.R.D. 437, 439 (S.D.N.Y.1974). Furthermore, other circuits have upheld such references against constitutional and statutory attack. *See, e. g., Reciprocal Exch. v. Noland*, 542 F.2d 462, 463 (8th Cir. 1976); *DeCosta v. CBS, Inc.*, 520 F.2d 499, 503–08 (1st Cir. 1975); *cert. denied*, 423 U.S. 1073, 96 S.Ct. 856, 47 L.Ed.2d 83 (1976).

6. Arguably, trial by jury before a magistrate or master is inconsistent with the Constitution's Seventh Amendment which contemplates "a trial by a jury . . . *in the presence and under the superintendence of a judge* empowered to instruct them on the law and to advise them on the facts, and . . . to set aside their verdict, if, in his opinion, it is against the law or the evidence." *Capital Traction Co. v. Hof*, 174 U.S. 1, 13–14, 19 S.Ct. 580, 585, 43 L.Ed. 873 (1899) (emphasis added). A magistrate is not an Article III judge, the reasoning continues, and therefore either as such or as a master he is not the superintending judge within the purview of the Seventh Amendment. This argument, however, proves too much. It would invalidate not only Section 636(b)(2) in its present form, but also the limited references permitted by Rule 53(b). *See* note 5 *supra*. Moreover, the Seventh Amendment does not preclude the parties from waiving the right to a jury trial altogether either by stipulation, *Baylis v. Travellers' Ins. Co.*, 113 U.S. 316, 321, 5 S.Ct. 494, 28 L.Ed. 989 (1885) (parties may stipulate when Congress has so provided by statute); *In re Henderson's Distilled Spirits*, 81 U.S. (14 Wall.) 44, 53, 20 L.Ed. 815 (1871) (parties may stipulate irrespective of any legislative provision), or by failure to demand a jury trial, Fed.R.Civ.P. 38(d). Accordingly, there is no ostensible reason for preventing consent to a jury trial before a magistrate or master, assuming the propriety of the appointment in the first instance.

the magistrate's order is not a decision by a federal district court. This conclusion has been reached by other circuits. *See United States v. Reeds*, 552 F.2d 170, 171 (7th Cir. 1977) (per curiam); *McCall v. Cudd*, 544 F.2d 934 (8th Cir. 1976); *Swanson & Youngdale, Inc. v. Seagrave Corp.* 542 F.2d 1008 (8th Cir. 1976); *Reciprocal Exchange v. Noland*, 542 F.2d 462, 463 (8th Cir. 1976); *United States v. Haley*, 541 F.2d 678 (8th Cir. 1974); *cf. United States v. Various Documents, Papers and Books of Briggs & Turivas*, 278 F. 944 (7th Cir. 1921) (order of Commissioner not directly appealable), *cert. denied*, 258 U.S. 617, 42 S.Ct. 271, 66 L.Ed. 793 (1922).

However, at least two arguments can be made that the Federal Magistrates Act as it existed at the time of the reference, Pub. L.No. 90–578, §§ 631–39, 82 Stat. 1107–14 (1968), and as it exists today, 28 U.S.C. §§ 631–39, in conjunction with 28 U.S.C. § 1291, sanctions appeals directly from a magistrate's decision.[7] Because the Act provides that magistrates "may be assigned . . . such additional duties as are not inconsistent with the Constitution and laws of the United States,"[8] proponents of greater power for magistrates urge that it is not impermissible to empower a magistrate to enter final judgment, at least when the parties have consented and the district court has so ordered in its initial reference.[9] Accordingly, final judgments of magistrates would be treated as "final decisions of the district courts," 28 U.S.C. § 1291, making direct appellate review proper.[10]

We find it unnecessary to address this argument beyond noting that it cannot prevail on the instant facts. Section 636(b) permits "*assign* [*ment*]" of "additional

---

**7.** The statutory provisions relied upon are substantially identical under the 1976 version of the Federal Magistrates Act and the version in effect at the time of this reference.

**8.** Pub.L.No. 90–578, § 636(b), 82 Stat. 1113 (1968). The current version is codified at 28 U.S.C. § 636(b)(3). This language has been used to validate magistrates' functions not specifically detailed in § 636. *E. g., Mathews v. Weber*, 423 U.S. 261, 271–72, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976); *see DeCosta v. CBS, Inc., supra*, 520 F.2d at 503–08.

**9.** For an argument favoring direct appellate review of proceedings before magistrates, see Silberman, *Masters and Magistrates, Part II: The American Analogue*, 50 N.Y.U.L.Rev. 1297, 1350–60, 1366 (1975).

**10.** A bill enlarging the civil jurisdiction of United States magistrates, passed by the Senate and currently pending in the House of Representatives, would authorize entry of final judgments by magistrates and direct appellate review. It provides:

Sec. 2. Section 636 of title 28, United States Code, is amended—

. . . . .

(b) by inserting . . . the following new subsection:

"(c) Notwithstanding any provision of law to the contrary, upon consent of the parties—

"(1) A United States magistrate may conduct any or all proceedings in any jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the court or courts he serves, and under such conditions as may be imposed by the terms of such designation.

"(2) Upon entry of the judgment in any case referred under paragraph (c)(1) of this section, an aggrieved party may appeal on the record to a judge of the district court in the same manner as on an appeal from a judgment of a district court to a court of appeals . . . . The appropriate United States court of appeals may review any final judgment of the district court entered pursuant to this paragraph, upon petition for leave to appeal by a party stating specific objections to the judgment. Such review shall be limited to questions of law. . . .

"(3) Notwithstanding the provisions of paragraph (2) of this subsection, upon the further consent of the parties at the time of the reference under paragraph (1) of this subsection, a United States magistrate may be empowered to direct the entry of a final judgment of the district court in accordance with rule 58 of the Federal Rules of Civil Procedure for the United States district courts, when specially designated to exercise such authority by the court or courts he serves, and under such conditions as may be imposed by the terms of such special designation. An appeal from any such final judgment of the district court may be taken to the appropriate United States court of appeals in the same manner as an appeal from any other final judgment of a district court. . . ."

S.1613, 95th Cong., 1st Sess. § 2 (1977) [hereinafter S.1613].

duties." Here, the reference by Judge Curtin [11] neither explicitly nor implicitly authorized the entry of final judgment by the magistrate,[12] and there has never been any consent by the parties to conferral of such authority on the magistrate.

A second theory supporting the finality of proceedings before a magistrate distinguishes between jury and nonjury trials. Assuming the propriety of jury trials before magistrates, *see* note 6 & accompanying text *supra*, Rule 58(1) of the Federal Rules of Civil Procedure,[13] the argument runs, mandates automatic entry of a jury verdict by the clerk of the referring district court, unless the district judge provides otherwise. In other words, entry of judgment is ministerial only, not requiring any oversight by the district judge. Thus, the verdict would be an appealable "decision of the district court," like any other verdict recorded under Rule 58.

We find this construction of Rule 58 unconvincing. The mandate for automatic entry of judgment by the clerk without court order presupposes a verdict resulting from a judicial proceeding, or at least judicial consideration of the controversy and proceedings before the magistrate prior to the clerk's act.[14] If the jury verdict as incorporated into the judgment order were a final decision of the district court, the magistrate's various rulings and orders—such as the dismissal of the complaint against certain defendants here and the denial of the motion for judgment notwithstanding the verdict, *see* notes 2–4 & accompanying text *supra*—would never be reviewed by the district judge. Thus, there would be no judicial proceeding or even judicial consideration prior to the clerk's entry of judgment in contravention of Rule 58.

District court review after a trial before a magistrate or master is not a meaningless exercise.[15] Rather, the procedure comports with the fundamental congressional policy underlying the Magistrates Act—to *aid* the

---

**11.** It stated in its entirety: "By agreement of the parties this case is referred to the Magistrate for trial with a six-man jury."

**12.** Additionally, at the time of this reference § 636(b) permitted performance of "additional duties only pursuant to rules adopted by a majority of district court judges of the particular judicial district. *See* note 5 *supra*; S.Rep.No. 371, 90th Cong., 1st Sess. 24–25 (1967) [hereinafter 1967 Senate Report]. The rules which delineate the duties of United States Magistrates of the United States District Court for the Western District of New York do not expressly authorize trials by consent before magistrates. *See* Rule Providing for the Duties to be Performed by United States Magistrates, dated Nov. 30, 1971.

**13.** Rule 58 provides in pertinent part:
Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court . . . . Fed.R.Civ.P. 58(1).

**14.** The purpose of the rule was to eliminate uncertainty over when and how a judgment is entered. 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2781, at 8 (1973). The clerk is permitted to act without express judicial authority in "uncomplicated" situations, *see* Advisory Committee Note on 1963 Amendment of Rule 58, *reprinted in* 28 U.S. C.A. Fed.R.Civ.P. 58, at 722, such as a general jury verdict or a decision of the court either providing for recovery of an ascertainable sum or denying all relief. Fed.R.Civ.P. 58(1). But where there is either a decision by the court granting relief other than that specified in Rule 58(1), a special verdict, or a general verdict with answers to interrogatories, court approval is required. *Id.* Rule 58(2). A jury verdict following trial before a magistrate is equivalent to the circumstances detailed in Rule 58(2). Since at a minimum the district court may review proceedings before the magistrate, obviously the clerk cannot know whether to enter judgment until the district judge has informed the clerk that he either has concluded his review or will not conduct one.

**15.** The purpose of the bill currently being considered by Congress, *see* note 10 *supra*, is "[t]o improve access to the Federal courts by enlarging the civil and criminal jurisdiction of United States magistrates." S.1613, *supra* note 10, at § 2 (preamble). Nevertheless, the bill empowers a magistrate "to direct the entry of a final judgment of the district court . . . [only] when specially designated to exercise such authority by the court . . . he serves . . ." *Id.* at § 2(c)(3). The parties must have consented to the designation at the time of the reference. *Id.*

courts in their ultimate decisionmaking function.[16] Subjecting the acts of magistrates and masters to district court scrutiny also avoids possible constitutional infirmities.[17] In addition, such review permits correction of possible error at the earliest time. Thus, an improper verdict may be detected and corrected before appeal.[18] Similarly, an erroneous charge to the jury [19] or an incorrect ruling of law [20] by the magistrate or master can be rectified by ordering a new trial. Finally, not only will review at the district court level often save parties the expense and difficulty of appeal, but it will also give the appellate court the benefit of the district court's reasoned consideration.

We therefore conclude that direct appeal does not lie from trials before magistrates or masters, at least where the federal judge has not authorized entry of final judgment at the time of the reference with the parties' consent.[21] The district judge must first consider the magistrate's rulings and orders on motions and objections and then order entry of judgment.[22] Absent such

16. *See* H.R.Rep.No. 94–1609, 94th Cong., 2d Sess. 4, 6, 7, 11 (1976), *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 6162, 6164, 6166–67, 6171 [hereinafter 1976 House Report]. The importance of district court review of magistrate action is also reflected in the position advocated by the Model Rules of Court for the Assignment of Duties to Magistrates, published in March, 1977, by the Committee on the Administration of the Federal Magistrates System. Model Rule 4(b) provides that in the case of trial before a magistrate-master by consent of the parties under § 636(b)(2), "[t]he entry of final judgment in any civil case . . . shall be made by a judge of the court or at the direction of a judge."

17. The advisory function of magistrates has repeatedly been relied on by courts, Congress and commentators in rejecting contentions of Article III limitations on the permissible functions of magistrates. *See, e. g. Mathews v. Weber, supra,* 423 U.S. at 269–71, 96 S.Ct. 549; 1976 House Report, *supra* note 16, at 7–8; 1967 Senate Report, *supra* note 12, at 26–27; Silberman, *supra* note 9, at 1317, 1320, 1321, 1322 n.149, 1330–32 & nn. 189, 193, 1334, 1335–36, 1340–41, 1346, 1352, 1358.

For a discussion and rejection of the constitutional objections to magistrates performing judicial functions, see 1976 House Report, *supra* note 16, at 8; Silberman, *supra* note 9, at 1304–21, 1350–54.

18. Here, for example, the verdict seems more like a ruling of law than a general verdict of non-liability. *See* note 3 *supra.*

19. One of appellants' contentions on appeal is that the magistrate erroneously charged the jury on the effect of particular rules and regulations of the New York State Board of Education. Another contention relates to the alleged omission of the magistrate to advise the jury to consider the exhibits in evidence.

20. Appellants here argue that the magistrate erroneously refused to grant judgment notwithstanding the verdict. They also urge that dismissal of the complaint against certain defendants was improper.

21. We need express no opinion on whether the parties may consent to conclusive determinations of law and fact by the magistrate with direct review to this court. For a discussion of relevant authorities on this point, see Silberman, *supra* note 9, at 1350–58, 1365–69.

A line of early cases in this court, evidently drawn from longstanding New York state procedure, sanctioned direct review in federal actions at law (but perhaps not in equity or admiralty, *see The Mauretania,* 80 F.2d 225 (2d Cir. 1935)), even though entry of judgment by the clerk directly on the referee's report was considered an improper practice. *E. g., Automobile Ins. Co. v. St. Paul Fire & Marine Ins. Co.,* 89 F.2d 163, 164 (2d Cir. 1937) (per curiam); *Thornton v. Nat'l City Bank,* 45 F.2d 127, 129 (2d Cir. 1930); *Steger v. Orth, supra,* 258 F. at 620–21. However, these cases were decided prior to adoption of the Federal Rules of Civil Procedure, including Rule 53, and were based on clearly superseded former rules of practice. Moreover, the cases arose prior to adoption of the Magistrates Act, which delineates the powers of federal magistrates for the country as a whole.

22. Our holding appears equally applicable to the Act as amended by the 1976 legislation. An underlying justification of the Act is the requirement that ultimate adjudication be exercised by the district court. In the case of references for dispositive motions and for "hearings," the district judge must make the final determination based on proposed findings and recommendations of the magistrate. 28 U.S.C. § 636(b)(1)(B). Orders concerning other pretrial matters are subject to final review by the district court, perhaps at the district court's discretion, *see id.* § 636(b)(1)(A), and certainly when a party requests reconsideration, *id.* § 636(b)(1). *See* Silberman, *supra* note 9, at 1367–68.

Section 636(b)(2), authorizing consensual designation of a magistrate to serve as a master in civil cases, does not specify the procedures for review. However, the 1976 House Report, *supra* note 16, at 12, states that the

review by the district court, the judgment is a nullity and nonappealable.

Here, the district judge did not direct the entry of final judgment. More importantly, he did not review the rulings and orders of Magistrate Maxwell. The authorization of an appeal in forma pauperis with certification of nonfrivolity under 28 U.S.C. § 1915(a), a matter also first referred to the magistrate,[23] does not cure these deficiencies. Such authorization and certification do not amount to consideration by the judge of the issues presented on appeal.

Appeal dismissed; judgment vacated; cause remanded for (1) consideration by district judge of the magistrate's denial of motion for judgment notwithstanding the verdict, dismissal of the complaint, and any other legal errors raised during the trial; and (2) entry of judgment in accordance with the district court's conclusions on review.

provisions of Fed.R.Civ.P. 53 other than Rule 53(b), *see* note 5 *supra*, are applicable. Rule 53 generally requires district court review, with the exception that parties may consent to final findings of fact by the master. *Id.* Rule 53(e)(4). Additionally, since references for dispositive motions must be reconsidered by the district court, it is likely that Congress also intended review of entire trials.

**23.** After appellants appealed directly from these orders, Laura Sick moved before the district court for leave to appeal in forma pauperis. Judge Curtin referred the application to the magistrate to determine whether there were appealable issues. Following Magistrate Maxwell's recommendation, the district court granted the motion on March 30, 1977.