Opinion by
Hurt, J.
§ 396. Indorser; liability of subsequent, when a prior indorsement, etc., is forged; case stated. Oliver & Greggs drew a draft on Ball, Hutchings & Co., payable to George A. Fisher. Smith & Durham indorsed this draft. Appellants purchased the draft from a person *347 calling himself George A. Foster, but this person was an imposter, and not the payee named in the draft. This person also indorsed the draft by the name of George A. Foster. Appellants presented the draft to Ball, Hutchings & Co. for payment, when it was discovered that the payee’s name indorsed thereon was a forgery, and payment was refused.- Appellants brought this suit against appellees, as indorsers, alleging substantially the facts stated above. The petition did not allege when and to whom Smith & Durham indorsed the draft, nor whether their indorsement thereof was prior or subsequent to that of the pretended payee. A general demurrer was sustained to the petition, and, appellants declining to amend, the suit was dismissed. Held: Whether the indorsement of Smith & Durham was prior or subsequent to that of the pretended payee, is the turning point in this case. Applicable to a case in which the indorsement is subsequent to a forged indorsement, the rule is, that the indorser warrants that he has a legal title to the note, bill or draft. The indorsement is not merely a transfer, 1 ‘ but it is a fresh and substantive contract, embodying all of the terms of the instrument indorsed in itself. The indorsement of a bill is equivalent to the drawing of a new bill by the drawer upon the drawee (or acceptor, if it be accepted), in favor of the indorsee, and the indorsement of a note is equivalent to the drawing of a bill upon the maker, who stands in the relation of acceptor, as it were, in favor of the indorsee. So entirely distinct and independent is the contract of the indorser of a note from that of a maker, that, at common law, a separate action against each was indispensable.” [Danl. on Neg. Inst. § 669.] “ The indorser engages that the bill or note is in every respect genuine; that it is the valid instrument it purports to be; that the ostensible parties are competent, and that he has lawful title to it and the right to indorse.” [Id. § 669a.] “This principle applies to the signatures of the drawer, acceptor and maker of the bill or note, who are the original parties. Does it *348 extend to the genuineness of prior indorsements? Undoubtedly the indorser admits the genuineness, as he is estopped to deny his title, which would otherwise be valid, and notwithstanding the doubts and dissents which have been expressed, it is clear, upon principle, that the indorser warrants the instrument throughout. If there be any forged indorsement, the indorser cannot recover against any party prior to it, and the subsequent indorser has transferred a thing to which he himself had no right or title. He should plainly be regarded as representing, by the act of ownership, a right of ownership, and be held bound accordingly.” [Id.]
November 1, 1884.
§ 397. Same; demand and notice not required in such case. In a suit by an indorsee against a prior indorser, where there was a forged indorsement prior to the indorsement by the defendant, such defendant is not entitled to demand and notice of non-acceptance or nonpayment. Nor need the suit against him be brought within the time required by the statute, as in the case of other indorsers. [Id. § 1113a.]
§ 398. Same; where the indorsement is prior to a forged indorsement. If the indorsement of the draft by Smith & Durham was prior to its indorsement by the pretended payee, then appellants have no cause of action against them as indorsers. [Id. § 1357.] It is not alleged in the petition that the forged indorsement was prior to the indorsement by appellees; but on the contrary, the allegations in the petition convey the impression that it was subsequent thereto. The petition therefore failed to state a good cause of action against appellees, and the demurrer thereto was properly sustained.
Affirmed.