**VICKERS MOTORS, INC., Petitioner,**

v.

**Harry W. WELLFORD, U. S. District Judge and Aaron C. Brown, Jr., U. S. Magistrate, Respondents.**

No. 74–1695.

United States Court of Appeals, Sixth Circuit.

Sept. 12, 1974.

Tom Mitchell, Jr., Memphis, Tenn., for petitioner.

Thomas F. Turley, U. S. Atty., Memphis, Tenn., for respondents.

Before McCREE, MILLER, and LIVELY, Circuit Judges.

ORDER.

We consider an application for an order staying all proceedings in Civil Action No. 73–2312 in the United States District Court for the Western District of Tennessee pending final determination of a Petition for Writs of Mandamus & Prohibition filed in this court and also referred to this panel for disposition. Respondents have indicated that they do not intend to respond to the petition.

Petitioner is the defendant in Civil Action No. 73–2312 captioned American Honda Motor Co., Inc. v. Vickers Motors, Inc., pending before respondent Harry W. Wellford, U. S. District Judge, in the United States District Court for the Western District of Tennessee. On May 24, 1974 the judge entered an "ORDER ON DISCOVERY MOTIONS," referring discovery motions, objections thereto, motions to compel production, and motions for protective orders to respondent Aaron C. Brown, Jr., U. S. Magistrate, " . . . for a hearing and recommendation as to appropriate orders and relief under the circumstances." Petitioner seeks an order directing the judge to decide the discovery motions without any reference, and prohibiting the magistrate from proceeding further under the order of reference. Petitioner also seeks to stay the order of reference pending determination of his petition for mandamus and prohibition.

At the outset, we consider whether mandamus and prohibition may be employed to test the power of a district judge to refer for "hearing and recommendation" motions relating to discovery. Our authority, if it exists, must be found in the "All Writs" Statute 28 U.S.C. § 1651(a):

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

■ Although the extraordinary remedy of mandamus is proper when a court has clearly exceeded or refused to exercise its jurisdiction, it should not issue as a substitute for appeal to review interlocutory orders that do not deprive "the parties of a trial before the court on the basic issues involved in the litigation." Compare La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957) where a reference to a master was made on the merits, with Will v. United States, 389 U.S. 90, 88 S. Ct. 269, 19 L.Ed.2d 305 (1967), where mandamus was held not to lie to test a pretrial discovery order in a criminal case.

Accordingly, the challenged order of reference, even if erroneous—a question we do not decide—involved no clear abuse of judicial power because 28 U.S.C. § 636(b)(2) authorizes rules to permit magistrates to furnish "assistance to a district judge in the conduct of pretrial or discovery proceedings in civil . . . actions." Whether the local rule, or its application here, is ". . . inconsistent with the Constitution and laws of the United States," 28 U.S.C. § 636(b)(2) is reviewable on appeal appropriately taken from a final judgment or other order. *See* Wingo, Warden v. Wedding, 418 U.S. 461, 94 S. Ct. 2842, 41 L.Ed.2d 879 (1974).

The Petition for Writs of Mandamus and Prohibition is hereby denied and no stay will issue.