**Kelly KENDALL, Plaintiff-Appellee,**

v.

**William DAVIS, Paul Dean, and Harry Huge, Trustees of the United Mine Workers of America Welfare and Retirement Funds of 1950, Defendants-Appellants.**

No. 77–2512

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 23, 1978.

William E. Mitch, Earl T. Brown, Jr., Birmingham, Ala., Robert D. Nesler, Washington, D. C., for defendants-appellants.

Frank O. Burge, Jr., Birmingham, Ala., for plaintiff-appellee.

Before MORGAN, CLARK, and TJOFLAT, Circuit Judges.

PER CURIAM:

The defendants appeal a judgment entered by a United States magistrate. We dismiss the appeal for want of jurisdiction.

The magistrate heard this case pursuant to 28 U.S.C.A. § 636(b)(2), which allows a district judge to "designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts." This statute does not authorize the entry of final judgment by a magistrate; rather, Section 636(b)(1) provides both for close supervision of the magistrate and for review of his findings and recommendations by the dis-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

trict court. Rule 53(e) of the Federal Rules of Civil Procedure governs this review.[1]

 Our jurisdiction extends only so far as Congress has provided by statute. Under 28 U.S.C.A. § 1291, we have "jurisdiction of appeals from all final decisions of the district courts of the United States." Because no final decision of a district court has been rendered in this case and because no other statute authorizes direct appeal of the magistrate's decision under these circumstances, we have no jurisdiction to hear this appeal. *See United States v. Cline,* 566 F.2d 1220 (1978), *citing United States v. Haley,* 541 F.2d 678 (8th Cir. 1974). Therefore, we dismiss the appeal without prejudice to a future appeal following the district court's review of the magistrate's report and entry of final judgment by the district court. The appeal is

DISMISSED.

---

1. Congress has authorized magistrates to convict and sentence persons accused of minor offenses, but appeal from the magistrate's judgment is to the district court. 18 U.S.C.A. §§ 3401, 3402 (1969). Magistrates also may be designated to decide certain pretrial matters, subject to reconsideration by the district judge. 28 U.S.C.A. § 636(b)(1)(A) (1977 Supp.). The only review which Congress has fashioned for a situation in which a magistrate presides at a civil trial, however, is contained in Rule 53, Fed.R.Civ.P., which provides for review by the district court, which then enters judgment.