Jerry Lee **CARMENA**,
Plaintiff-Appellant,

v.

**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 406 and Barnard and Burk, Inc., Defendants-Appellees.**

No. 77–3005
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 8, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Lawrence R. Anderson, Jr., Baton Rouge, La., for plaintiff-appellant.

William R. D'Armond, Baton Rouge, La., for Barnard & Burk, Inc.

Jerry L. Gardner, Jr., New Orleans, La., for International Union.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

Plaintiff Jerry Lee Carmena sued his former employer, Barnard & Burk, Inc., and his union, Local 406, in federal district court, alleging that his discharge by the company violated the collective bargaining agreement, that both the company and the union illegally refused to process his grievance, and that the union thereby breached its duty of fair representation. The parties agreed that the case would be tried by a United States magistrate who, according to the pretrial order, would "render final judgment herein." R. at 57. The magistrate heard the case, found for the defendants, and plaintiff appeals. We dismiss the appeal for want of jurisdiction.

The recent opinion of *Kendall v. Davis*, 5 Cir., 1978, 569 F.2d 1330, clearly holds that a magistrate's decision rendered in a setting similar to that involved here is not directly appealable to this Court. Under 28 U.S.C. §§ 636(b)(1) and (2), a magistrate may serve "as a special master in any civil case, upon consent of the parties," but his findings and recommendations are to be supervised and reviewed by the district court, which then enters judgment. F.R.Civ.P. 53(e). The magistrate's decision prior to the district court's review is not a "final decision of a district court" within the meaning of 28 U.S.C. § 1291. "Because no final decision of a district court has been rendered in this case and because no other statute authorizes direct appeal of the magistrate's decision under these circumstances, we have no jurisdiction to hear this appeal."[1] *Kendall v. Davis, supra*, at 1331.

As in *Kendall*, we therefore dismiss the appeal without prejudice to a future appeal following the district court's review of the

---

1. Legislation pending in Congress would alter this result. The Magistrate Act of 1977, S. 1613, would amend 28 U.S.C. § 636 by adding the following provision after subsection (b):

"(c) Notwithstanding any provision of law to the contrary, upon consent of the parties—

\* \* \* \* \* \*

[A] United States magistrate may be empowered to direct the entry of a final judgment of the district court in accordance with rule 58 of the Federal Rules of Civil Procedure for the United States district courts, when specially designated to exercise such authority by the court or courts he serves, and under such conditions as may be imposed by the terms of such special designation. An appeal from any such final judgment of the district court may be taken to the appropriate United States court of appeals in the same manner as an appeal from any other final judgment of a district court." This bill passed the Senate in July 1977, and is presently before the House of Representatives.

magistrate's report and entry of final judgment by the district court.

DISMISSED.