Stuart W. HEATON, Jr.,
Plaintiff-Appellee,

v.

Judson C. LOCKE, Jr., Commissioner,
Board of Corrections, et al.,
Defendants-Appellants.

No. 78–1303
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 1978.

Ellis C. Hanan, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellants.

Stuart W. Heaton, Jr., pro se.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Protesting a violation of his constitutional rights through the Alabama Board of Corrections' policy subjecting inmates against whom detainers are lodged to a more stringent classification, prisoner petitioned for redress. 42 U.S.C.A. § 1983. Af-

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

736

ter a hearing, the United States magistrate ordered the Board to cease the classification policy and reevaluate petitioner's classification. The district court denied the Board's motion for reconsideration but did not enter a judgment in the cause.

28 U.S.C.A. § 636(b)(1), setting forth the jurisdiction and power of United States magistrates, provides that upon timely filing of a written objection to a magistrate's findings, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Whether the magistrate's "order" in this case has any legal effect is questionable. Certainly it is not a judgment of the district court, a necessary predicate for an appeal.

This Court is without jurisdiction to hear this appeal. The jurisdiction of the courts of appeal is limited to appeals from decisions of the district courts of the United States either final, 28 U.S.C.A. § 1291, or interlocutory, 28 U.S.C.A. § 1292. No statute authorizes direct appeal from a magistrate's decision. Therefore, this cause is dismissed without prejudice to an appeal following a review by the district court of the magistrate's recommendation and the entry of a district court judgment thereon. *Kendall v. Davis*, 569 F.2d 1330 (5th Cir. 1978).

DISMISSED.