John WHITEHEAD, Appellee,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellant.

Tom GRAY, Appellee,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellant.

Monette LAY, Appellee,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellant.

Nos. 78–3230, 78–3231 and 78–3329.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 20, 1978.

Decided April 9, 1979.

Patrick H. Molloy, U. S. Atty., William M. Brown, Lexington, Ky., for appellant in all cases.

William Kanter, Patricia Reeves, Dept. of Justice, App. Section, Civ. Div., Washington, D. C., for appellant in Nos. 78–3230 and 78–3231.

Grant F. Knuckles, Pineville, Ky., for appellee in No. 78–3230.

Dale B. Mitchell, Mitchell & Gillum, Somerset, Ky., Bruce W. Singleton, for appellee in No. 78–3231.

Stephen C. Cawood, Pineville, Ky., for appellee in No. 78–3329.

Before EDWARDS, Chief Judge, ENGEL, Circuit Judge, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

These appeals are from orders of remand to the Secretary by Magistrate David R. Irvin, to whom the petitions of the plaintiffs were assigned by Judge Moynahan of the United States District Court for the Eastern District of Kentucky.

John Whitehead made application for social security disability benefits, Tom Gray applied for black lung benefits and Monette Lay made application for disabled widow's insurance benefits. In each case the claim was denied by a hearing examiner and the denial was affirmed by the Appeals Council. The claimants then each brought an action in the District Court for the Eastern District of Kentucky to review the decisions of the Secretary of Health, Education and Welfare.

Under the general order of the court, the clerk referred these cases to the Magistrate. The court's order of reference is as follows:

"UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

"IN THE MATTER OF: REFERENCE OF SOCIAL SECURITY AND BLACK LUNG BENEFIT CASES ASSIGNED TO JUDGE MOYNAHAN

ORDER

"In accordance with *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976), it is hereby ordered that the Clerk of the Court refer all actions appearing on the Frankfort, Lexington and London dockets of this Court which seek judicial review of a denial of a claim for benefits under the Social Security Act, 42 U.S.C. § 405(g), and under Part B of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, which are assigned to the undersigned Judge to the United States Magistrate at Lexington, Kentucky, for preliminary review.

"The United States Magistrate is authorized to enter such orders as are necessary to facilitate his review of said actions, including, but not limited to, orders

allowing litigation in forma pauperis; orders placing parties on terms for the filing of pleadings, motions and memoranda; and orders allowing the filing of tendered pleadings, motions and memoranda. The Magistrate shall enter no order having the effect of a final determination on the merits of any such action.

"Upon completion of his review of each action referred to him under this Order, the Magistrate shall prepare and file with the Clerk of the Court a written Report and Recommendation on the issues presented so as to facilitate the decision of the Court. Upon the filing of said Report and Recommendation, the parties shall within ten (10) days thereafter file with the Clerk of the Court their particularized objections to the same and for oral argument, if desired. At the expiration of the ten (10) day period, the Clerk shall forward the entire record in the action, including the Magistrate's Report and Recommendation and all objections thereto, to the undersigned Judge for final consideration and determination on the merits.

"This 2nd day of February, 1977.

" [signature]
"Bernard T. Moynahan, Jr.,
Chief Judge"

Whitehead's complaint in the district court was filed on May 21, 1976, and, in response thereto, the Secretary filed an answer on August 24, 1976, together with a transcript of administrative proceedings before the hearing examiner. Thereafter, Whitehead filed a motion for summary judgment in February, 1977. The Secretary filed a similar motion in March, 1977.

Subsequently, Whitehead suffered a myocardial infarction and moved for permission to file a June 6, 1977 report of his treating physician, Dr. Emanuel Rader. In addition, he filed a motion for remand of his case to the Secretary for consideration of new evidence. Magistrate Irvin entered an order allowing the Secretary twenty days in which to respond to Whitehead's motion for report and remand. Whitehead amended his motion and sought to attach a January 10, 1978 report of Dr. Rader.

On January 24, 1978, the Secretary moved for an extension of time until February 23, 1978, within which to respond to Whitehead's motions. This motion was granted by the Magistrate in an order of February 2, 1978. However, by order of February 7, 1978, the Magistrate remanded the case to the Secretary for further administrative procedure. Thereupon, on March 21, 1978, the Secretary filed his notice of appeal from the order of the Magistrate.

In response to Gray's complaint in the district court filed August 6, 1975, the Secretary filed an answer together with a transcript of administrative proceedings before the hearing examiner. Thereafter, on March 22, 1976, the Secretary filed a motion for summary judgment. Gray then filed a motion for summary judgment on April 22, 1976.

Before any ruling on these motions Gray died and his attorney filed a motion for remand with suggestion of death. By order of October 12, 1977, the Magistrate allowed the Secretary twenty days in which to respond to the motion for remand. The Secretary filed no such response. On January 24, 1978, the Magistrate entered an order remanding the case to the Secretary for further administrative proceedings. The Secretary filed a notice of appeal from this decision on March 21, 1978.

On August 20, 1976, Monette Lay filed an action in the District Court for the Eastern District of Kentucky for a review of the decision of the Secretary denying her claim for disabled widow's insurance benefits under the Social Security Act. The Secretary filed an answer on August 20, 1976, together with a transcript of the administrative proceedings before the hearing examiner.

Thereafter, the Secretary filed a motion for summary judgment on April 13, 1977. In response, Lay filed a counter-motion for summary judgment and, in addition, she filed a motion for remand to the Secretary for the taking of further testimony. On May 11, 1977, the Magistrate entered an order allowing the Secretary twenty days

within which to respond to Lay's motions. The Secretary filed a response on August 4, 1977, and, on March 22, 1978, the Magistrate issued an order remanding the case to the Secretary. This order is as follows:

"The plaintiff has filed a motion to remand this action to the Appeals Council of the Social Security Administration for additional consideration and review and in support thereof has filed the medical report of Dr. Robert B. Matheny which discloses the results of a May 25, 1976, physical examination of the plaintiff. The defendant has filed a response in opposition to the motion to remand.

"20 C.F.R. § 404.1506 states that the Listing of Impairments in the Appendix describes impairments which are of a severity level deemed disabling and are expected to result in death or to last for a period of not less than twelve months. Appendix § 3.02 lists specified values for forced expiration volume and maximum breathing capacity which will indicate the existence of chronic obstructive airway disease. For a person of the plaintiff's height these values are 1.2.L and 39.L/min. respectively. The medical report offered by the plaintiff indicates values of .65 L. and 39 L./min. respectively.

"While nothing in this opinion shall be construed as a determination on the merits of the plaintiff's application, it is the opinion of the Magistrate that the medical report is relevant and new evidence that could influence the Secretary's determination as to whether the plaintiff is disabled. For the foregoing reasons, it is now therefore ORDERED HEREIN AS FOLLOWS:

"(1) That the plaintiff's motion to remand be, and the same is hereby, sustained;

"(2) That this action be, and the same is hereby remanded to the Secretary of Health, Education and Welfare.

"This 22nd day of March, 1978.
 "DAVID R. IRVIN
 "David R. Irvin, U. S. Magistrate"

On May 19, 1978 the Secretary filed a notice of appeal from this order of the Magistrate.

■ The procedural posture of the Secretary's efforts to object to Judge Moynahan's order of reference and Magistrate Irvin's remands may be summarized as follows: The order contemplated that the Magistrate shall prepare and file with the clerk his findings and a written recommendation. The parties would then have ten days in which to file their objections to the report. No reports and no recommendations were filed by the Magistrate and no objections were made by the Secretary. In this status of the cases, the Secretary sought to perfect three direct appeals to this Court, one in each of the three cases in which remand had been ordered by the Magistrate. In addition he commenced a mandamus proceeding to compel the district court to perform what he considered was the mandatory administrative act of passing, one way or the other, upon the issues of remand.

This Court ordered that these appeals should be consolidated and briefed together. The decision and opinion on the mandamus proceeding is reported as *Califano v. Moynahan,* 596 F.2d 1320 (1979).

The Secretary asserts he was faced with a dilemma in opposing the Magistrate's independent order of remand. Since the Magistrate submitted no report and recommendation to the district judge, but instead directly granted the motion for remand, the Secretary asserts that it was not possible for him to file particularized objections with the Clerk of the Court as contemplated by the general order of reference on social security and black lung benefit cases entered by Chief Judge Moynahan on February 2, 1977.

Clearly the Magistrate considered the question of remand to be a pretrial matter within the meaning of the Magistrate's Act, 28 U.S.C. § 636(b)(1)(A):

A judge of the court may reconsider any pretrial matter under this subparagraph

(A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

The Secretary, on the other hand, asserts that because remand was dispositive of the case, the language of Section 636(b)(1)(A) does not provide an avenue of relief.[1] We think it does. The cited section obviously contemplates that there will be matters which the Magistrate may endeavor to undertake which may be "contrary to law." The Secretary asserts that the Magistrate's power independently to enter an order of remand is contrary to law. This appears to be precisely the type of conduct for which Section 636(b)(1)(A) provides relief. However, instead of seeking reconsideration by the district court, the Secretary has sought to take a direct appeal from the Magistrate's order of remand.

 Orders of remand, when entered by a district judge, have normally been held not to be final and thus not appealable. *See Bohms v. Gardner,* 381 F.2d 283 (8th Cir. 1967) (Blackmun, J.), *cert. denied,* 390 U.S. 964, 88 S.Ct. 1069, 19 L.Ed.2d 1164 (1968); *Mayersky v. Celebrezze,* 353 F.2d 89 (3rd Cir. 1965); *Marshall v. Celebrezze,* 351 F.2d 467 (3rd Cir. 1965).[2] If a remand order by a district judge is not appealable, how much less is a similar order by a Magistrate where the Secretary has not even availed himself of the statutory provision for obtaining relief from the district court? Accordingly, the court concludes that the issue raised by the Secretary is not ripe for review and that this court is without jurisdiction to reach it in these consolidated appeals.[3] We need not reach the more difficult question of whether a district court order denying relief under Section 636(b)(1)(A) on the basis that the Magistrate had the power independently to order remand, is itself appealable. We do not have such an order before us, and the Secretary has not sought one. Accordingly, the appeals herein are dismissed.

---

1. Appellant-petitioner's position is first set forth in footnote 2 of his reply brief (filed August 30, 1978), and places reliance on *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976), decided before the 1976 amendments:

 "Respondent correctly points out that § (b)(1) of the Magistrates Act provides a remedy for a clearly erroneous ruling by a magistrate on a pretrial motion which has properly been delegated to him for disposition. However, that provision does not save the procedure used here since Social Security Act cases may only be delegated as provided in § (b)(3) and *Weber* [423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976)]. Only the judge may make a decision disposing of a social security case, even though he may request a proposed decision from the magistrate. Reviewing an order entered by the magistrate to determine whether it is clearly erroneous is simply not the same as making the decision in the first instance. That the distinction is an important one is made clear by the Congressional decision to limit a magistrate to making a recommendation even as to some pretrial matters under § (b)(1)."

2. *See also Fugate v. Morton,* 510 F.2d 307 (9th Cir.), *cert. denied,* 422 U.S. 1045, 95 S.Ct. 2665, 45 L.Ed.2d 697 (1975); *Barfield v. Weinberger,* 485 F.2d 696 (5th Cir. 1973); *Pauls v. Secretary of the Air Force,* 457 F.2d 294 (1st Cir. 1972); *United Transportation Union v. Illinois Central Railroad Co.,* 433 F.2d 566 (7th Cir. 1970), *cert. denied,* 402 U.S. 915, 91 S.Ct. 1374, 28 L.Ed.2d 661 (1971).

3. Alternatively, we do not have jurisdiction to decide the appeal since the orders appealed here are those of a magistrate. The jurisdiction of the court of appeals is limited to appeals from decisions of the district courts. *Sick v. City of Buffalo,* 574 F.2d 689 (2d Cir. 1978); *Carmena v. International Union of Operating Engineers,* 572 F.2d 1031 (5th Cir. 1978); *United States v. National Bank of Rush Springs,* 576 F.2d 852 (10th Cir. 1978); *United States v. Haley,* 541 F.2d 678 (8th Cir. 1974).