596 F.2d 1320
 Joseph A. CALIFANO, Jr., Secretary of Health, Education and
Welfare, Petitioner,
v.
Honorable Bernard J. MOYNAHAN, Jr., Chief Judge, United
States District Court for the Eastern District of
Kentucky, Respondent.
 No. 78-3420.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 20, 1978.
Decided April 9, 1979.
 
 William Kanter, Patricia G. Reeves, Civ. Div., App. Section, U.S. Dept. of Justice, Washington, D.C., for petitioner.
 Before EDWARDS, Chief Judge, ENGEL, Circuit Judge, and CECIL, Senior Circuit Judge.
 CECIL, Senior Circuit Judge.
 
 
 1
 Pursuant to a general order of the district court, specific types of cases were referred to the United States Magistrate who was thereby authorized to enter certain non-final orders. In the companion decision also decided today, Whitehead v. Califano, 596 F.2d 1315, we held that the magistrate's orders, which remanded the cases to the Secretary for the taking of further evidence on the plaintiffs' benefit claims, were not appealable.[1] As an alternative avenue of relief, the Secretary has filed this petition for a writ of mandamus, directed to the district judge, to require him to pass one way or the other on the actions of the magistrate in granting the orders of remand. We deny the petition.
 
 
 2
 We do not understand that the statute authorizing the district judge to make reference to the magistrate is in question. Neither is the order of reference challenged. The narrow question is, did the magistrate have the authority under the statute to issue the orders of remand without the review of the district court? It is the claim of the Secretary that the district judge should have considered and determined the action of the magistrate.
 
 
 3
 Under the posture of the case as it now stands, will mandamus lie to require the district judge to take such action?
 
 
 4
 Mandamus is considered an extraordinary remedy. As was stated by the Supreme Court in Kerr v. United States District Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976):
 
 
 5
 "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. (Citations omitted). As we have observed, the writ 'has traditionally been used in the federal courts only "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." ' (Citation omitted). And, while we have not limited the use of mandamus by an unduly narrow and technical understanding of what constitutes a matter of 'jurisdiction,' (Citation omitted), the fact still remains that 'only exceptional circumstances amounting to a judicial "usurpation of power" will justify the invocation of this extraordinary remedy.' "
 
 
 6
 In keeping with this policy of the use of mandamus only as an extraordinary remedy, this court has held that "the extraordinary writs of mandamus and prohibition will be issued by (this) Court of Appeals only in extreme and unusual cases," United States v. Battisti, 486 F.2d 961, 964 (6th Cir. 1973), and "Except in extreme cases, mandamus will not be used to review an interlocutory order, the effect of which would be to circumvent the well-settled rule against piecemeal appeals." Black v. Boyd, 248 F.2d 156, 159 (6th Cir. 1957).
 
 
 7
 In the recent case of Vickers Motors, Inc. v. Wellford, 502 F.2d 967, 968 (6th Cir. 1974), we said:
 
 
 8
 "Although the extraordinary remedy of mandamus is proper when a court has clearly exceeded or refused to exercise its jurisdiction, it should not issue as a substitute for appeal to review interlocutory orders that do not deprive 'the parties of a trial before the court on the basic issues involved in the litigation.' "
 
 
 9
 At issue in Vickers, supra, was the authority of a district court to refer to a magistrate for "hearing and recommendation" motions relating to discovery. This court declined to issue a writ of mandamus to the district judge to decide the discovery motions, without such reference to the magistrate, on the basis of reasoning that
 
 
 10
 "* * * the challenged order of reference, even if erroneous a question we do not decide involved no clear abuse of judicial power because 28 U.S.C. § 636(b) (2) authorizes rules to permit magistrates to furnish 'assistance to a district judge in the conduct of pretrial or discovery proceedings in civil . . . actions.' Whether the local rule or its application here, is '. . . inconsistent with the Constitution and laws of the United States,' 28 U.S.C. § 636(b)(2) is reviewable on appeal appropriately taken from a final judgment or other order." (Citations omitted).
 
 
 11
 In Kerr v. United States District Court, supra (426 U.S.,) at 403, 96 S.Ct., at 2124, the Supreme Court issued guidelines as follows:
 
 
 12
 "As a means of implementing the rule that the writ will issue only in extraordinary circumstances, we have set forth various conditions for its issuance. Among these are that the party seeking issuance of the writ have no other adequate means to attain the relief he desires, Roche v. Evaporated Milk Assn., supra (319 U.S.), at 26 (63 S.Ct. 938, 87 L.Ed. 1185), and that he satisfy 'the burden of showing that (his) right to issuance of the writ is " clear and indisputable." ' " (Citations omitted).
 
 
 13
 As pointed out in the companion appeals in Whitehead v. Califano, decided concurrently herewith, the Secretary could have moved the district court to reconsider the magistrate's order of remand under 28 U.S.C. § 636(b)(1)(A).
 
 
 14
 The Secretary does not challenge the language of the general order of referral entered on February 2, 1977, and indeed, that order does not specifically empower the magistrate to directly order a remand to the Secretary, although clearly the Secretary construes it as authorizing such action. Instead, the Secretary, in his brief in reply to Chief Judge Moynahan's response in the mandamus action, urges that because a remand is a "dispositive" action, it was outside his power, and the statutory scheme of the magistrate's action does not contemplate that disagreement with such a disposition would be reached through Section 636(b)(1)(A). We do not understand this argument to have been addressed to the district judge in any form and it is, so far as we can ascertain, raised for the first time in these proceedings.
 
 
 15
 In our view it was the type of argument which ought to have been made to the district court. If the Secretary conceived that the magistrate had overreached his powers, he should have moved the district judge to vacate the order and directly consider the matter himself, or in lieu thereof, obtain first a report and recommendation from the magistrate before himself acting directly on the issue. We decline to employ the extraordinary remedy of mandamus to require a district judge to do that which he was never asked to do in a proper way in the first place.
 
 
 16
 Accordingly, the petition for writ of mandamus is denied.
 
 
 
 [1]
 For a more detailed discussion of the facts and postures of these cases, see the opinion in Whitehead v. Califano