603 F.2d 813
 24 Wage & Hour Cas. (BN 251, 86 Lab.Cas. P 33,823
 CA 79-3076 Kathleen A. HARDING, Kathleen A. Nuzum, Debra J.
Cross, John M. Ramsey, Garret Giann, Ben F.
Foecke, Fred A. Bessol and John A.
Biggs, Plaintiffs-Appellees,
v.
KURCO, INC., a Colorado Corporation dba Fred Astaire Dance
Studios of Colorado and dba Fred Astaire Dance
Studio Co. of Denver and dba Fiesta
Dance Club, Defendant-Appellant.
Ernie GOMEZ and Roxanne Gomez, Plaintiffs-Appellees,
v.
KURCO, INC., a Colorado Corporation dba Fred Astaire Dance
Studios of Colorado and dba Fred Astaire Dance
Studio Co. of Denver and dba Fiesta
Dance Club, Defendant-Appellant.
 No. 78-1548.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 15, 1979.
 
 Gregory B. Kanan of Rothgerber, Appel & Powers, Denver, Colo., filed Response to Show Cause Order on behalf of defendant-appellant.
 H. Earl Moyer of Moyer & Beal, Lakewood, Colo., appeared on behalf of plaintiffs-appellees.
 Before SETH, Chief Judge, and BARRETT and LOGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 These actions were brought by plaintiffs-appellees under the Fair Labor Standards Act against their former employer for wages due, but unpaid. After rejecting defendant's challenge to the district court's subject matter jurisdiction, Judge Matsch ordered that the two actions be consolidated "for all purposes" and referred to the United States Magistrate "for trial to final judgment." In addition, the parties stipulated that the matter would be tried before the magistrate and that the magistrate's judgment would be final, not reviewable by the district court and any appeals would be taken directly to the court of appeals. The latter portion of the stipulation apparently was in response to the district court's local Rule 17(a) which states, in part:
 
 
 2
 Stipulations for the trial of civil cases to a Magistrate shall detail the review procedures agreed to by the parties.
 
 
 3
 Following trial, the magistrate filed a detailed Memorandum Opinion and Order in which he found for the plaintiffs and against the defendant. He directed entry of judgment in specific amounts in favor of each of the several plaintiffs and also for attorney's fees and costs. There were no further orders. This appeal was taken from the judgment entered upon the magistrate's order.
 
 
 4
 Earlier, the parties were requested to address the question of our jurisdiction to entertain this appeal which is taken directly from a judgment entered on a magistrate's direction and order. In our view, the judgment appealed from is not within the class of "final decisions of the district courts" appealable directly to a court of appeals under 28 U.S.C. § 1291. Consequently, the appeal must be dismissed. Accord: Horton v. State Street Bank and Trust Company, 590 F.2d 403 (1st Cir. 1979); Sick v. City of Buffalo, 574 F.2d 689 (2d Cir. 1978); Carmena v. International Union of Operating Engineers, Local 406, 572 F.2d 1031 (5th Cir. 1978); Taylor v. Oxford, 575 F.2d 152 (7th Cir. 1978); Swanson & Youngdale, Inc. v. Seagrave Corp., 542 F.2d 1008 (8th Cir. 1976).
 
 
 5
 The Federal Magistrates Act authorizes district courts to assign magistrates only such "additional duties" as are not inconsistent with the Constitution and laws of the United States. 28 U.S.C. § 636(b)(3); United States v. Jones, 581 F.2d 816 (10th Cir. 1978). A magistrate exercising "additional duties" jurisdiction remains constantly subject to the inherent supervisory power of the district judge and the judge retains the "ultimate responsibility for decision making in every instance." Mathews v. Weber, 423 U.S. 261, 270, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976). Thus, the discretionary authority to direct entry of a final judgment is a fundamental and exclusive power of an Article III judge.
 
 
 6
 To facilitate the district court's review of the magistrate's determinations contained in his Memorandum Opinion, we vacate the judgment entered May 11, 1978. The appeal is dismissed, but without prejudice. The mandate shall issue forthwith.