806 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Vernon Martin, Petitioner.
 No. 86-8019.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 18, 1986.
Decided Nov. 28, 1986.
 
 On Application for Leave to Proceed In Forma Pauperis on a Petition for Writ of Mandamus. Robert S. Carr, United States Magistrate. (C/A No. 4:86-1035-6J)
 Vernon Martin, petitioner pro se.
 DISMISSED.
 Before PHILLIPS, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Vernon Martin, a South Carolina inmate, has petitioned this Court for issuance of a writ of mandamus. Martin seeks to compel the District Court for the District of South Carolina to grant him release on recognizance or on a reasonable bond.
 
 
 2
 Martin is presently serving a fourteen-year state sentence arising out of his conviction for assault and battery with intent to kill his wife. He filed in April 1986 a civil rights complaint alleging certain fourth amendment violations occurring during his arrest and certain fourteenth amendment violations based on the conditions of his confinement at the Marion County Jail. In June 1986 Martin requested that the district court grant him release on recognizance or on a reasonable bond. The magistrate who was handling pretrial matters in Martin's civil rights case denied the request. The magistrate's order pointed out that the proper vehicle for attacking a state conviction was an action under 28 U.S.C. Sec. 2254 rather than one under 42 U.S.C. Sec. 1983, and that a grant of bail would be inappropriate in this Sec. 1983 action. The order advised Martin that he was free to seek habeas relief under 28 U.S.C. Sec. 2254. Martin filed this mandamus action seeking to compel his release on bail. He then also filed a Sec. 2254 petition in the district court and ultimately filed in that action another motion for release on bail.
 
 
 3
 Generally, a denial of bail is subject to immediate appellate review under the collateral order doctrine. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949). See Stack v. Boyle, 342 U.S. 1, 6 (1951); Eaton v. Holbrook, 671 F.2d 670 (1st Cir.1982); Iuteri v. Nardoza, 662 F.2d 159, 161 (2d Cir.1981). Martin has not, however, sought appellate review from the district judge of the magistrate's denial of bail. 28 U.S.C. Sec. 636(b). By bringing a mandamus petition in this Court instead of appealing to the district judge, Martin has sought to circumvent the normal appellate route. Mandamus may not be used for that purpose. See Califano v. Moynahan, 596 F.2d 1320 (6th Cir.1979); In re United Steelworkers of America, 595 F.2d 958, 960 (4th Cir.1979).
 
 
 4
 Moreover, the denial of bail in this case does not give rise to the extraordinary circumstances necessary for mandamus relief. The materials filed by Martin in the district court and in this Court suggest no entitlement to release on federal bail. See Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir.1972).
 
 
 5
 We accordingly deny leave to proceed in forma pauperis and dismiss Martin's petition for a writ of mandamus. We dispense with oral argument because the dispositive issues recently have been authoritatively decided.
 
 
 6
 DISMISSED.