### In re AMERICAN SPECTATOR EDUCATIONAL FOUNDATION, Petitioner.

#### No. 94–1699.

United States Court of Appeals, Eighth Circuit.

Submitted March 23, 1994.

Decided March 23, 1994.

Robert B. Fiske, Jr., New York City, for U.S.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

### MEMORANDUM AND ORDER

BEAM, Circuit Judge.

In this petition for writ of mandamus, petitioner alleges, in part, that "filing a motion for access [to the sealed materials] with the district court appears to be a futile act, entailing additional delay, and thus rendering inadequate the alternative of moving the district court for relief."

On the other hand, the district court has responded, in part, as follows: "this Court stands now and will continue to stand ready and willing [under General Order No. 22 of the United States District Court for the Eastern District of Arkansas] to promptly consider any request by petitioner [for access to the sealed material]."

Further, the independent counsel for the United States, Robert B. Fiske, Jr., in his response, states that "[t]here is no basis here for any conclusion that filing the appropriate motion in the District Court would be a futile act." He further sets forth nothing in his response that indicates resistance by the government to access by petitioner to the sealed material. Indeed, the independent counsel asserts nothing by way of ongoing criminal investigation, protection of the integrity and viability of ongoing matters or a need to protect the identity and reputations of innocent persons.

Petitioner, in his reply to the responses received, accurately points out that General Order No. 22 referred to by the district court in its response, on its face seems to hold that once an indictment is returned, as

in this case, "the Clerk *shall* transfer the warrant and other papers to the case file." (Emphasis ours). "Other papers" would include the affidavit in support of the issuance of the warrant. And, the case file would be open to the public. Thus, if General Order No. 22 is followed by the district court, this dispute will be moot.

Accordingly, we deny the writ of mandamus and remand the parties to the district court for further proceedings, if necessary. If, upon the routine operation of General Order No. 22 or upon motion by petitioner, the sealed materials are not released, the petitioner will be free to file a new petition for mandamus in this court.