125 F.3d 862
 97 CJ C.A.R. 2146
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby E. LUCKY, Plaintiff-Appellant,
v.
Steve HARGETT, Larry Fields, and The Daily Oklahoman,
Defendants-Appellees.
 No. 97-6161.
(D.C.No. CIV-96-1810)
 United States Court of Appeals, Tenth Circuit.
 Oct. 1, 1997.
 
 Before BALDOCK, MCKAY, and LUCERO, Circuit Judges.**
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 BALDOCK, C.J.
 
 
 3
 Plaintiff Bobby E. Lucky, appearing pro se, filed a civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. The district court dismissed the action without prejudice for Plaintiff's failure to comply with the court's orders directing the payment of an initial partial filing fee. Plaintiff appealed the dismissal.[1] Our jurisdiction arises under 28 U.S.C. § 1291. We review the district court's decision for abuse of discretion. Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir.1994). We affirm.
 
 
 4
 On November 12, 1996, the magistrate judge issued an order pursuant to 28 U.S.C. § 1915(b)(1) directing Plaintiff to pay an initial partial filing fee of $28.68. Plaintiff failed to comply with the order. On December, 6, 1996, the magistrate judge issued a second order granting Plaintiff until December 26, 1996 to pay the filing fee. Plaintiff filed objections to the magistrate judge's December 6, 1996, order, asserting that the partial filing fee was based on false information submitted by Oklahoma state prison officials. The district court overruled the objections and dismissed the complaint without prejudice on April 29, 1997, for failure to pay the filing fee. Under these circumstances, we find no abuse of discretion.[2] Accordingly, the judgment of the district court is
 
 
 5
 AFFIRMED.
 
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 After filing his opening brief, Plaintiff filed a petition for a writ of mandamus. We do not engage in mandamus review where we can exercise the same review in a contemporaneous appeal. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 9 n. 6 (1992). Therefore, Plaintiff is not entitled to mandamus relief, and his petition is dismissed
 
 
 [2]
 Plaintiff's motion for appointment of counsel is also denied