**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 21 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LESLIE A.  STRACHAN,

     Petitioner,

v.

HERBERT R.  TILLERY, Commandant,

    Respondent.

No.  97-3118

(D.C. No.  96-3190-RDR)
(Kan.)

ORDER AND JUDGMENT[*]

Before BALDOCK, MCKAY, and LUCERO, Circuit Judges.[**]

Petitioner Leslie A. Strachan, appearing pro se, appeals the district court's order

denying his petition for a writ of habeas corpus.[1]  In the context of his appeal, Petitioner

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. 34.1.9.  The case is therefore submitted without oral argument.

[1]     Petitioner complains that the district court erred in not appointing counsel to assist him with his habeas petition.  The district court found that Petitioner's claim raised no complex legal or factual questions and that Petitioner was able to articulate his claims.  Thus, the district court denied Petitioner's request for counsel.  We review the district

also requests a writ of mandamus ordering the district court to grant his writ of habeas corpus and restore "street time credit" allegedly taken from him by the parole board. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

In June, 1990, a panel of Army officers and enlisted personnel convicted Petitioner of attempted kidnapping and failure to obey a lawful general regulation. Petitioner was sentenced to six-months confinement, a dishonorable discharge, forfeiture of all pay and allowances and a reduction to the grade of Private E-1. Petitioner appealed the conviction to the United States Army Court of Criminal Appeals contending, *inter alia*, that the military judge erred in failing to instruct the panel members on the lesser included offense of assault and battery. The Court of Criminal Appeals affirmed. Petitioner appealed to the Court of Appeals for the Armed Forces (CAAF), which granted review on the failure to instruct issue. The CAAF affirmed. Subsequently, Petitioner sought relief from the United States Supreme Court, which denied certiorari. Petitioner then filed a petition for a writ of habeas corpus in the United States District Court for the District of Kansas based on the claim he previously argued to the military courts. The district court found that the military courts fully and fairly considered the point of error raised by Petitioner and denied habeas corpus relief.

Our review of a general court-martial conviction is a limited one. Burns v.

_____

court's refusal to appoint counsel for abuse of discretion, e.g., McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997), and conclude that the district court did not abuse its discretion when it denied Petitioner's request for counsel.

2

Wilson, 346 U.S. 137, 139 (1953). We will generally deny a federal habeas corpus petition when a military decision has fully and fairly considered the claims asserted in the petition. Lips v. Commandant, U.S. Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir. 1993). "When an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion." Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986). Petitioner fully briefed and argued his position regarding the military judge's failure to instruct on the lesser included offense to both the Army Court of Criminal Appeals and the Court of Appeals for the Armed Forces. Each court considered his claim and rejected it. Accordingly, we deny Petitioner's request for a writ of habeas corpus.

Petitioner next asks this Court to grant a writ of mandamus ordering the district court to grant his writ of habeas corpus. The subject matter and end sought in Petitioner's appeal and request for mandamus relief are identical. "We do not engage in mandamus review where we can exercise the same review in a contemporaneous appeal." Lucky v. Hargett, 1997 WL 603780, at *3 (10th Cir. 1997) (unpublished) (*citing* Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 9 n.6 (1996)). Therefore, we dismiss Petitioner's request for a writ of mandamus ordering the district court to grant his writ of habeas corpus.

Petitioner finally requests a writ of mandamus ordering the district court to restore "street time credit" allegedly seized from him by the parole board. Mandamus relief is generally not appropriate unless it is sought first in the district court. In re American Spectator Educ. Found., 19 F.3d 430 (8th Cir. 1994); In re Montes, 677 F.2d 415, 416 (5th Cir. 1982); Califano v. Moynahan, 596 F.2d 1320, 1322 (6th Cir. 1979). Petitioner did not argue to the district court that the parole board deprived him of "street time credit". Accordingly, we dismiss his request for a writ of mandamus ordering the district court to restore his "street time credit".

AFFIRMED IN PART AND DISMISSED IN PART.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

4