IN THE SUPREME COURT OF THE STATE OF NEVADA

FK&G, LTD., LLC; MICHAEL FOISIE;
AND LAUREN GLENNON,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE KATHLEEN E.
DELANEY, DISTRICT JUDGE,
Respondents,
and
ROBERT FOISIE; AND BRADLEY H.
GLENNON,
Real Parties in Interest.

No. 71239

FILED

SEP 21 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This original emergency petition for a writ of mandamus challenges a district court order striking witnesses and quashing subpoenas in a conversion and breach of fiduciary duty action.

Having considered the petition and the supporting documents, we are not persuaded that the district court committed clear error or arbitrarily or capriciously abused its discretion in prohibiting discovery relating to the alleged murder plot. *Pan v. Eighth Judicial Dist. Court,* 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (indicating that the petitioner bears the burden of demonstrating that writ relief is warranted); *Int'l Game Tech., Inc. v. Second Judicial Dist. Court,* 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (observing that a writ of mandamus is available to control clear error or an arbitrary or capricious exercise of discretion); *Okada v. Eighth Judicial Dist. Court,* 131 Nev., Adv. Op. 83, 359 P.3d 1106, 1110 (2015) (recognizing that discovery matters are within the

SUPREME COURT
OF
NEVADA

(O) 1947A

16-29262

district court's discretion). Although petitioners contended in district court that evidence of the alleged murder plot would be relevant to their request for punitive damages, they did not explain how the alleged 2016 murder plot would have had any bearing on whether Robert Foisie acted with oppression, fraud, or malice when he allegedly committed conversion and breached his fiduciary duties in 2015. Accordingly, we perceive no abuse of discretion in the district court's relevancy determination, *see Castillo v. State*, 114 Nev. 271, 277, 956 P.2d 103, 107-08 (1998) ("District courts are vested with considerable discretion in determining the relevance and admissibility of evidence."), and in its resulting decision to prohibit discovery relating to the alleged murder plot. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558; *Okada*, 131 Nev., Adv. Op. 83, 359 P.3d at 1110.

Although petitioners have raised additional arguments as to why the alleged murder plot is relevant, we decline to consider those arguments because they were not intelligibly presented to the district court.[1] *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that it is a party's responsibility to present cogent arguments supported by relevant authority); *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal."); *see also United States v. U.S. Dist. Court*, 384 F.3d

---

[1]Some of these arguments pertain to evidence other than the alleged murder plot. Because the district court based its ruling on the descriptions in petitioners' NRCP 16.1 list of witnesses and documents (all of which pertained to the alleged murder plot), it is unclear whether the district court actually ruled on these additional evidentiary matters.

1202, 1205 (9th Cir. 2004) (declining to consider as a basis for mandamus relief an argument not presented to the district court because a district court's decision cannot be "so egregiously wrong as to constitute clear error where the purported error was never brought to its attention"); *Califano v. Moynahan,* 596 F.2d 1320, 1322 (6th Cir. 1979) ("We decline to employ the extraordinary remedy of mandamus to require a district judge to do that which he was never asked to do in a proper way in the first place."). We therefore

ORDER the petition DENIED.

_____ C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc:    Hon. Kathleen E. Delaney, District Judge
       Fennemore Craig, P.C./Las Vegas
       Solomon Dwiggins & Freer, Ltd.
       Eighth District Court Clerk