**UNITED STATES, Appellee,**

v.

**John Leonard ECKER, a/k/a Leonard Hoffecker, Defendant, Appellant.**

**No. 90–2074.**

United States Court of Appeals,
First Circuit.

Submitted Dec. 28, 1990.
Decided Jan. 14, 1991.

---

**8**

Richard J. Shea, Boston, Mass., on Memorandum of Law in Opposition to Motion for Summary Disposition, for appellant.

Wayne A. Budd, U.S. Atty., and John P. Pucci, Asst. U.S. Atty., Boston, Mass., on Motion for Summary Disposition and Memorandum of Law in Support of Motion for Summary Disposition, for appellee.

Before TORRUELLA, SELYA and CYR, Circuit Judges.

PER CURIAM.

The appellant, John Leonard Ecker, was arrested and charged with violating 18 U.S.C. § 922(a)(2), which prohibits the possession of firearms by a convicted felon. A magistrate instituted proceedings under 18 U.S.C. § 4241, found that Ecker was currently incompetent to stand trial, and committed him for evaluation to determine whether he was likely to attain the capacity to be tried in the foreseeable future. Ecker appealed the commitment order to this court. The government has moved to dismiss the appeal for lack of jurisdiction, pointing out that Ecker has appealed from a magistrate's order, which the district court never reviewed.

■ 28 U.S.C. § 1291 gives the courts of appeals jurisdiction over appeals "from all final decisions of the district courts of the United States." As the Third Circuit has said: "To be a 'final' order of the district court within the meaning of section 1291, the magistrate's decision must have been reviewed by the district court, which retains ultimate decision-making power." *Siers v. Morrash*, 700 F.2d 113, 115 (3d Cir. 1983), and cases cited therein. *See also Horton v. State Street Bank & Trust Company*, 590 F.2d 403, 404 (1st Cir.1979). Save for a specific statutory exception, this rule is iron-clad: a magistrate's order is not a 'final' order which can be reviewed directly by a court of appeals.[1] The reasons for the rule are salutary: "[N]ot only will review at the district court level save parties the expense and difficulty of appeal, but it will also give the appellate court the benefit of the district court's reasoned consideration." *Sick v. Buffalo*, 574 F.2d 689, 693 (2d Cir.1978).

■ The Federal Magistrates Act, 28 U.S.C. § 636, "details magistrates' functions regarding pretrial and post-trial matters, specifying two levels of review depending on the scope and significance of the magistrate's decision." *Gomez v. United States*, 490 U.S. 858, 109 S.Ct. 2237, 2245, 104 L.Ed.2d 923 (1989). We have

---

1. The exception is codified at 28 U.S.C. § 636(c). The statute authorizes magistrates to try and enter judgment in civil cases, if the parties give their consent. Such judgments are directly appealable to the circuit court. 28 U.S.C. § 636(c)(3).

designated the two categories of magistrates' orders as "self-operating" and "non-self-operating." *United States v. Flaherty,* 668 F.2d 566, 585 (1st Cir.1981). "Self-operating" orders, which cover most pretrial and discovery matters, are valid when made and can be "appealed" by a motion for reconsideration directed to the district court. *See* § 636(b)(1)(A); Local Magistrates Rule 2(b). The "non-self-operating" orders are specified in section 636(b)(1)(A) and (B), *see also* Local Magistrates Rule 3; they are not valid until after the district court accepts the magistrate's report and recommendation and enters an order or judgment. *United States v. Flaherty,* 668 F.2d at 585.

The statute and rules thus provide for first-level *district court* review of both "self-operating" and "non-self-operating" magistrate decisions, and do not authorize the courts of appeals to review magistrates' orders directly.

Ecker advances two arguments. First, he says that while the commitment order was self-operating (in that it did not require district court affirmance in order to take effect), it was an "anomalous" self-operating order. While most self-operating orders are interlocutory and thus not reviewable at the appellate level, commitment decisions are (at least arguably) "collateral orders" of the sort that qualify for immediate appeals court review under the doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Cf. United States v. Cheama,* 730 F.2d 1383 (10th Cir.1984) and *United States v. Gold,* 790 F.2d 235 (2d Cir.1986).

Ecker's second argument is that, even if the commitment order is not appealable under section 1291, his notice of appeal should be treated as a jurisdictionally valid petition for mandamus. According to Ecker, he intends to argue that the magistrate lacked the power to issue a commitment order under 18 U.S.C. § 4241, and mandamus is an appropriate vehicle for carrying such an argument directly to the court of appeals.

Neither of these arguments accounts successfully for the near-absolute jurisdictional requirement that magistrates' orders be reviewed in the first instance by the district court. Commitment orders issued *by the district court* may or may not be "collateral orders" that qualify for immediate appellate review, but a magistrate's commitment order—by statute and rule—is reviewable in the first instance only by the district court. If commitment orders are in fact "collateral orders," nothing in the statute prevented Ecker from obtaining appellate review after he moved for reconsideration in the district court. *See, e.g., In re Rafferty,* 864 F.2d 151, 152–54 (D.C.Cir.1988) (plaintiff moved in district court for reconsideration of protective order issued by magistrate; after district court denied motion, plaintiff appealed; court of appeals found that protective order was a "collateral order" and proceeded to review on the merits). By the same token, nothing in the Magistrates Act permits Ecker to bypass the first level of review simply because commitment decisions may qualify as "collateral orders."

Casting Ecker's attack on the commitment order as a "petition for mandamus" does not advance his cause. As we have said before: "Mandamus should be dispensed sparingly and only in pursuance of the most carefully written prescription, not made available over the counter, on casual demand. *It is not a substitute for interlocutory apreal.*" *In re Recticel Foam Corp.,* 859 F.2d 1000, 1005 (1st Cir. 1988) (emphasis added). If Ecker wanted a writ of mandamus directing the magistrate to rescind his commitment order, or a writ of prohibition preventing the magistrate from carrying out the order's terms, *id.* at 1001 n. 1, he should have directed his argument to the district court originally. *See Califano v. Moynahan,* 596 F.2d 1320, 1322 (6th Cir.1979).

*Appeal dismissed.*