**Arthur CALDERON, Warden, of the California State Prison, San Quentin, Petitioner,**

v.

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, Respondent.**

No. 97–70139.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 25, 1997.

Decided March 10, 1998.

J. Robert Jibson, Deputy Attorney General, Sacramento, CA, for petitioner.

Peter Giannini, Los Angeles, CA, for real party in interest, Malone.

Before: FLETCHER, FARRIS and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge.

Kelvin Shelby Malone, currently incarcerated in California, is under sentence of death both in that state and in Missouri. His federal habeas petition in California is in its initial stages. By contrast, habeas review of Malone's Missouri conviction and sentence is almost complete; the Eighth Circuit has the case under submission. Because Malone's Missouri execution date may be imminent, the governor of Missouri made a formal request to the governor of California asking that Malone be released into Missouri's custody. *See* Uniform Criminal Extradition Act, Cal.Penal Code §§ 1547–1556.2 *and* Mo.Rev. Stat. §§ 548.011–548.300. The governor of California agreed and the two entered into an executive agreement providing for Malone's extradition to Missouri. Malone unsuccessfully challenged the extradition in California state court and also sought a stay from the district court with jurisdiction over his California-based habeas petition. The district court granted the requested relief; it entered an order staying the extradition unless certain conditions were met (most notably, that Missouri submit to the district court's jurisdiction). In its petition for a writ of mandamus California seeks to have that ruling reversed.

Mandamus is not to be used as a substitute for an appeal: "[A] court of appeals has no occasion to engage in extraordinary review by mandamus ... when it can exercise the same review by a contemporaneous ordinary appeal." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 8 n. 6, 103 S.Ct. 927, 933 n. 6, 74 L.Ed.2d 765 (1983). *See also Calderon v. United States Dist. Court,* 134 F.3d 981, 983–84 (9th Cir. 1998) (mandamus not available when petitioner could have filed direct appeal); *Herrington v. County of Sonoma,* 706 F.2d 938, 940 (9th Cir.1983) (same); *Bauman v. United States Dist. Court,* 557 F.2d 650, 654 (9th Cir.1977) (same). The district court's order was not a final judgment, so the state could not have appealed it under 28 U.S.C. § 1291. But was it the kind of interlocutory order that could have been appealed as of right pursuant to 28 U.S.C. § 1292?

Under 28 U.S.C. § 1292(a)(1) interlocutory injunctions are immediately appealable.[1] That the district court here did not label its order an injunction is not dispositive. In determining whether an order is appealable under section 1292(a)(1), we consider the substantial effect of the order. *See Tagupa v. East–West Ctr., Inc.,* 642 F.2d 1127, 1129 (9th Cir.1981) (looking not to form of district court's order but to its actual effect); *Santana Prods., Inc. v. Compression Polymers,*

---

1. Section 1292(a) was not mentioned by the state in its briefs and the deputy attorney general who argued the case seemed unaware of its existence

when asked about it. This is not unusual. *See McLain v. Calderon,* 134 F.3d 1383, 1384 n.3 (9th Cir.1998).

*Inc.*, 8 F.3d 152, 154 (3rd Cir.1993) (same); *Sierra Club v. Marsh*, 907 F.2d 210, 213 (1st Cir.1990) (same); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2962 (2d ed.1995) (same).

At Malone's request, the district court entered an order prohibiting California from turning him over to Missouri. Were the state to ignore the order and release Malone into Missouri's custody, it could surely be brought before the district court to answer contempt charges. This order thus restrains a party, on penalty of contempt, from taking an action that it could otherwise take. We have no trouble concluding that the order is in fact an injunction. Had California filed a timely notice of appeal, we would have had jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).[2]

■ Because California could have obtained review of the district court's order through an ordinary appeal, mandamus is not available. Had the state filed its mandamus petition within the time allowed for filing a notice of appeal, we would have treated it as a notice of appeal and reached the merits. *See Helstoski v. Meanor*, 442 U.S. 500, 508 n. 4, 99 S.Ct. 2445, 2449 n. 4, 61 L.Ed.2d 30 (1979); *Diamond v. United States Dist. Court*, 661 F.2d 1198, 1198–99 (9th Cir.1981). But it did not.[3] The state is thus in the same unhappy position as other litigants who failed to comply with jurisdictional requirements for perfecting an appeal. *See Pratt v. McCarthy*, 850 F.2d 590, 591 (9th Cir.1988), *overruled on other grounds Pioneer Inv.*

*Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Mann v. Lynaugh*, 840 F.2d 1194, 1197 (5th Cir.1988). While we harbor serious doubts about the district court's order, it is not reviewable by writ of mandamus.

**DISMISSED.**

2. Because the order is not explicitly labeled an injunction, it is arguable that the requirements of *Carson v. American Brands, Inc.*, 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981), would have had to have been satisfied before an immediate appeal could have been taken. *Carson* held that, to be appealable under section 1292(a)(1), a district court ruling must (1) have the practical effect of entering an injunction, (2) have serious, perhaps irreparable, consequences, and (3) be such that an immediate appeal is the only effective way to challenge it. *Id.* at 84, 101 S.Ct. at 996–97. *Carson* involved an order *denying* relief; it is unclear whether *Carson* also applies when the order in question *grants* injunctive relief. For the reasons explained in *Cohen v. Board of Trustees of Univ. of Medicine and Dentistry*, 867 F.2d 1455, 1466–67 (3rd Cir.1989), it may well

not. However, we have not been consistent on this point, sometimes applying *Carson* to determine the appealability of orders granting relief, *see e.g., Thompson v. Enomoto*, 815 F.2d 1323, 1326–27 (9th Cir.1987), and other times not, *see e.g., United States v. Gila Valley Irrigation Dist.*, 31 F.3d 1428, 1441 (9th Cir.1994). Here it doesn't matter. We have already held that the first *Carson* requirement is satisfied, *see* p. 1422 supra; if the second and third requirements are not satisfied, the state would, a fortiori, not be entitled to mandamus. *See Bauman v. United States Dist. Court*, 557 F.2d 650, 654 (9th Cir. 1977).

3. The time to file a notice of appeal expired on January 26, 1997; the state filed its petition on February 12, 1997.