[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2186

 UNITED STATES,

 Appellee,

 v.

 EDWARD C. FORD,

 Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT 
FOR THE DISTRICT OF MAINE
[Hon. D. Brock Hornby, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Boudin and Stahl, Circuit Judges.

Richard N. Foley for appellant.
Margaret D. McGaughey, Assistant United States Attorney, with
whom Jay P. McCloskey, United States Attorney, was on brief, for
appellee.

April 14, 1999

Per Curiam. Defendant Edward Ford appeals the revocation
of his supervised release on two grounds. First, he challenges the
magistrate's denial of his motion to subpoena several witnesses. 
Second, he argues, for the first time on appeal, that he did not
receive effective assistance of counsel. We affirm.
In 1993, Ford pleaded guilty to credit card fraud charges
and was sentenced to a prison term followed by thirty-three months
of supervised release. The supervised release was conditioned on
several things, including, inter alia, not committing new crimes
and informing his supervisor of address changes. In 1998, claiming
that Ford violated various terms of the release, Ford's probation
officer petitioned the court to revoke Ford's supervised release. 
The magistrate issued a warrant for Ford based on the officer's
charges.
Ford's attorney filed an ex parte motion to issue and
serve subpoenas on thirteen people. The motion stated only that
the witnesses "may testify that some of Defendant's alleged
violations are only civil in nature and not criminal." The motion
did not supply street addresses for most of the witnesses, and
neglected to even supply the cities or states for four of the
witnesses. The magistrate denied the motion, and Ford did not
raise this issue in the district court. After a revocation
hearing, the district court entered an order revoking the
supervised release and imposing a new sentence.
On appeal, Ford argues that the magistrate abused his
discretion in refusing to issue the subpoenas. We do not, however,
have jurisdiction to hear an appeal of the magistrate's order. See28 U.S.C. 1291 (giving the courts of appeals jurisdiction over
appeals "from all final decisions of the district courts of the
United States") (emphasis added); United States v. Ecker, 923 F.2d
7, 8 (1st Cir. 1991) (per curiam) ("[A] magistrate's order is not
a 'final' order which can be reviewed directly by a court of
appeals."). Ford attempts to distinguish an ex parte motion for
subpoenas from the usual types of pre-trial motions before a
magistrate. We have stated, however, that we are not authorized to
review any magistrate orders. See id. at 9. Indeed, this court
has rejected a similar argument that a magistrate's commitment
order was an "anomalous" order that qualified for immediate review
in the circuit court. See id. ("[N]othing in the Magistrates Act
permits [defendant] to bypass the first level of review simply
because commitment decisions may qualify as 'collateral orders.'"). 
Therefore, we need not reach the merits of Ford's argument.
Ford also argues, for the first time on appeal, that he
was denied his Sixth Amendment right to effective assistance of
counsel, suggesting that his trial attorney was deficient in the
manner in which he sought the subpoenas. We do not ordinarily
accept ineffective assistance of counsel claims for the first time
on appeal. See United States v. Martinez-Martinez, 69 F.3d 1215,
1225 (1st Cir. 1995). We only accept such claims "where the
critical facts are not genuinely in dispute and the record is
sufficiently developed to allow reasoned consideration of an
ineffective assistance of counsel claim. . . ." United States v.
Natanel, 938 F.2d 302, 309 (1st Cir. 1991). This is not such a
case. Ford has provided no affidavit from the trial attorney, and
there is nothing in the record that would indicate the attorney's
thought process. On such a scant record, we have no means to
divine what happened. Therefore, we see no reason to deviate from
our usual rule. See Martinez-Martinez, 69 F.3d at 1225.
For the aforementioned reasons, we affirm the revocation
of the supervised release.
Affirmed.