Patricia A. COLE; Cathy Leal; Becki Trueblood, Petitioners,

v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO, Respondent,

TCI Media Services, Great Northwest Region, an entity of unknown type; TCI Media Services, Boise, an entity of unknown type; United Cable Television, a Delaware corporation; TCI Communications, Inc., a Delaware corporation; Tele–Communications Inc., Corp., a Delaware corporation; Bruce Wetten, an individual; Edward Moore, an individual, Real Parties in Interest.

No. 03–73027.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Decided May 4, 2004.

Marilynn J. Winters, Simoncini & Associates, San Jose, CA, for the petitioners.

Gregory C. Tollefson, Stoel Rives LLP, Boise, ID, for the real parties in interest.

Before: D.W. NELSON, FISHER, and GOULD, Circuit Judges.

GOULD, Circuit Judge.

We consider a petition for a writ of mandamus arising from a magistrate judge's sanction of disqualification imposed on petitioners' counsel by revocation of counsel's *pro hac vice* status. Petitioners demonstrate that the magistrate judge clearly erred in imposing this sanction without giving petitioners' counsel notice and an opportunity to be heard on the specific grounds for disqualification and revocation of counsel's *pro hac vice* status. But because mandamus is an extraordinary remedy and petitioners did not take advantage of an available remedy by seeking review of the magistrate judge's decision before the district court, we deny the petition.

**I**

The request for mandamus relief follows an order disqualifying petitioners' lead counsel, Kenneth D. Simoncini, in a case scheduled for trial. The disqualification order resolved a motion brought by the defendants (captioned here as "Real Parties in Interest") to disqualify Simoncini on

grounds not relevant to this appeal.[1]

On May 2, 2003, after a hearing on the motion to disqualify, Magistrate Judge Boyle ordered the plaintiffs and Simoncini to submit affidavits for *in camera* review. The purpose of the ordered affidavits was to provide the magistrate judge with the necessary factual basis on which to rule on the disqualification motion.

Though the petitioners submitted the required affidavits on May 20, 2003, the cover letter to their submission informed the magistrate judge that Simoncini respectfully declined to submit an affidavit. On June 4, 2003, the magistrate judge ordered the three plaintiffs and counsel to state under oath the date or dates the "Conflict of Interest and Client Consent to Representation Waiver of Conflict" forms were executed.

On July 18, 2003, the magistrate judge issued the memorandum decision and order that prompted petitioners to file the mandamus petition now before us. In that decision, the magistrate judge rejected every ground advanced by the defendants to disqualify Simoncini. However, the magistrate judge decided *sua sponte* to sanction Simoncini because he had failed to provide the affidavit that he was ordered, but "declined," to submit. Citing District of Idaho Local Rule 83.5(b), governing discipline, and 18 U.S.C. § 401(3), governing contempt, the court expressed concern that Simoncini might refuse future orders, stated that Simoncini's *pro hac vice* status was

a "conditional admission," and decided that it was appropriate to disqualify Simoncini and revoke his *pro hac vice* admission, in light of counsel's knowing disregard of the court's prior order.[2] The magistrate judge then so ordered.

Petitioners, who had formerly been represented by Simoncini, did not move for the magistrate judge to reconsider his order. Petitioners did not file a motion in the district court seeking reconsideration of the magistrate judge's order by the district court, which was a statutorily available remedy under 28 U.S.C. § 636(b)(1)(A). Instead, the petitioners bypassed reconsideration by the district court and immediately filed in our court the petition for a writ of mandamus. We have jurisdiction over this original action seeking a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651, and we deny the petition.

**II**

■ The rule is that a writ of mandamus may be used to review the disqualification of counsel. *See Christensen v. United States Dist. Court,* 844 F.2d 694, 697 & n. 5 (9th Cir.1988). The reason is because the harm of such disqualification cannot be corrected with an ordinary appeal. *Id.* Whether a writ of mandamus should be granted is determined case-by-case, weighing the factors outlined in *Bauman v. United States Dist. Court,* 557 F.2d

---

1. The facts described in the petition for the writ of mandamus, in the accompanying appendix, and in the motion papers filed under seal in the court below, were sealed pursuant to an order of this court on October 21, 2003. The facts as described in this opinion derive from public sources including the non-sealed orders of the magistrate judge and the facts presented at oral argument. To the extent that our prior order granting the motion to seal might be construed to cover the rationale given by the magistrate judge for its chal-

lenged order, we lift the seal to the extent necessary to explain the expressed basis for the magistrate judge's ruling.

2. The magistrate judge noted that, rather than merely declining to comply with a court order, counsel had other options to contest the order including seeking a protective order, moving for reconsideration, or pursuing an appeal.

650 (9th Cir.1977).[3] These are whether (1) the party seeking the writ has no other means, such as a direct appeal, of attaining the desired relief, (2) the petitioner will be damaged in a way not correctable on appeal, (3) the district court's order is clearly erroneous as a matter of law, (4) the order is an oft-repeated error, or manifests a persistent disregard of the federal rules, and (5) the order raises new and important problems, or issues of law of first impression. *Id.* at 654–55. The *Bauman* factors should not be mechanically applied. *See Admiral Ins. Co. v. United States Dist. Court,* 881 F.2d 1486, 1491 (9th Cir.1989). Evidence showing that all the *Bauman* factors are affirmatively presented by a case does not necessarily mandate the issuance of a writ, nor does a showing of less than all, indeed of only one, necessarily mandate denial; instead, the decision whether to issue the writ is within the discretion of the court. *See Kerr v. United States Dist. Court,* 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).

## A

 The first *Bauman* factor highlights the need for mandamus to be used only when no other realistic alternative is (or was) available to a petitioner. *See, e.g., Varsic v. United States Dist. Court,* 607 F.2d 245, 251 (9th Cir.1979). This factor is

affirmatively presented in the context of a disqualification of counsel when the petition arises from the action of a district court. *See Christensen,* 844 F.2d at 697 (noting that an order disqualifying counsel is not a collateral order subject to immediate attack and that the petitioner can never obtain the relief sought, i.e., maintaining the disqualified counsel for pending litigation, through a direct appeal). Parties normally have the right to counsel of their choice, so long as the counsel satisfy required bar admissions, and it is no small thing to disqualify a counsel before trial. Absent mandamus relief, a counsel's wrongful disqualification, which cannot be immediately appealed, can cause great harm to a litigant. This harm cannot be corrected by the ordinary appellate process because that occurs after the trial has been held, when it is too late to replace the counsel. This is why the rule of *Christensen,* permitting mandamus relief after a disqualification of counsel by a district court, makes good sense.

 Unlike *Christensen,* however, this case concerns a disqualification order made by a magistrate judge acting on authority delegated by, and subject to the supervision of, the district court. The defendants argue that the petitioners could have appealed the magistrate judge's order to the district court.[4]

---

**3.** Not all of the *Bauman* factors are relevant to every case. *See, e.g., In re Canter,* 299 F.3d 1150, 1153 (9th Cir.2002) (holding that the *Bauman* factors are guidelines to be "weighed together based on the facts of the individual case") (quoting *SG Cowen Sec. Corp. v. United States Dist. Court,* 189 F.3d 909, 913 (9th Cir.1999)); *Unified Sewerage Agency v. Jelco, Inc.,* 646 F.2d 1339, 1344 (9th Cir.1981).

**4.** The defendants also argue that the petitioners failed to seek certification of an interlocutory appeal under 28 U.S.C. § 1292(b). Under our established precedent, the possibility of certification does not present a bar to mandamus relief. *See Executive Software N. Am.,*

*Inc. v. United States Dist. Court,* 24 F.3d 1545, 1550 (9th Cir.1994). Moreover, it is questionable whether certification of an interlocutory appeal on the disqualification of counsel was a permissible remedy here. *See Christensen,* 844 F.2d at 697 n. 4; *Jelco,* 646 F.2d at 1344. 28 U.S.C. § 1292(b) allows a district judge to certify a "controlling question of law" the immediate appeal of which "may materially advance the ultimate termination of the litigation ...." Courts have held that attorney disqualification motions (and orders) are collateral to the ultimate resolution of the litigation, and are thus not generally proper for certifi-

Defendants' argument has force. It is uncontested that petitioners could have, but did not, move for reconsideration of the magistrate judge's ruling with the district court pursuant to 28 U.S.C. § 636(b)(1)(A).[5] The petitioners cannot now seek reconsideration of the magistrate judge's order pursuant to this statute. *See* Fed.R.Civ.P. 72(a). The *Bauman* factor assessing whether a party has "no other means" to gain the desired relief is not presented here.[6] Petitioners had an absolute right to seek district court reconsideration of the magistrate judge's decision. Were we to ignore this simple and direct route open to petitioners for review of the disqualification order, we would be improperly placing our court, rather than the district court, in the role of supervising the magistrate judge's decisions. Petitioners had a ready remedy with the district court, but did not pursue it.[7]

Petitioners' failure to submit this disqualification issue to the district court, where review was automatic, gravely weakens the petitioners' case for the writ of mandamus. The need to show the lack of an available remedy absent a writ of mandamus goes to the heart of this extraordinary remedy which should be sparingly employed. *See Kerr*, 426 U.S. at 403, 96 S.Ct. 2119 (holding that "as a means of implementing the rule that the writ will issue only in extraordinary circumstances," the party seeking the writ must "have no other adequate means to attain the relief he desires"). In the ordinary course, the district courts, and not the courts of appeals, are to be called on, in the first instance, to correct any clear error in the decision of a magistrate judge on non-dispositive matters, for this is the role that Congress has created for district courts.[8]

cation. *See, e.g., Genentech, Inc. v. Novo Nordisk A/S*, 907 F.Supp. 97 (S.D.N.Y.1995).

5. 28 U.S.C. § 636(b)(1)(A) provides:
 [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

6. In a different context, we have held that failure to seek reconsideration before the district court of a magistrate judge's non-dispositive order is a forfeiture of the claim. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir.1996) ("[A] party who fails to file timely objections to a magistrate judge's non-dispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order."); *see*

*also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir.2002).

7. At oral argument, the petitioners argued that because they had not sought reconsideration of the order, and the time period for seeking such reconsideration had elapsed pursuant to Fed.R.Civ.P. 72(a), they were left without an adequate means to seek the relief desired. *See* Fed.R.Civ.P. 72(a) ("Within 10 days after being served a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."). We reject any notion that a petitioner has no adequate means to seek relief when the petitioner chose not to pursue then-available relief that has now become time-barred. *See Calderon v. United States Dist. Court*, 137 F.3d 1420, 1422 (9th Cir.1998) (holding that failure to file a timely notice of appeal does not render a direct appeal "unreviewable" so as to justify mandamus).

8. Of course, our conclusion, which relies on the ability of the petitioners to seek review under 28 U.S.C. § 636(b)(1)(A), does not apply in cases in which a magistrate judge is

A consideration of extra-circuit case law reinforces our conclusion. In *Califano v. Moynahan*, 596 F.2d 1320 (6th Cir.1979), the Sixth Circuit addressed a petition for a writ of mandamus to direct the district court to rescind a permanent order directing social security disability appeals to a magistrate judge. *Califano* required that "the party seeking issuance of the writ have no other adequate means to attain the relief he desires...." *Id.* at 1321 (quoting *Kerr*, 426 U.S. at 403, 96 S.Ct. 2119). The Sixth Circuit noted that, pursuant to 28 U.S.C. § 636(b)(1)(A), the petitioner could have, but did not, move for reconsideration of the decision of the magistrate judge. *Id.* It held that the argument advanced on appeal via the mandamus petition "was the type of argument which ought to have been made to the district court.... We decline to employ the extraordinary remedy of mandamus to require a district judge to do that which he was never asked to do in a proper way in the first place." *Id.* at 1322.

The First Circuit held to like effect in *United States v. Ecker*, 923 F.2d 7 (1st Cir.1991). In that case, a magistrate judge found Ecker incompetent to stand trial, but ordered confinement to determine if Ecker was likely to attain the capacity to be tried in the near future. *Id.* at 8. Ecker directly appealed to the First Circuit. The First Circuit treated the notice of appeal, alternatively, as a petition for mandamus. The court noted that treating the notice of appeal as a petition for a writ of mandamus did not "account[ ] successfully for the near-absolute jurisdictional requirement that magistrates' orders be reviewed in the first instance by the district court." *Id.* at 9. The court continued, "[m]andamus should be dispensed sparingly and only in pursuance of the most carefully written prescription, not made available over the counter, on casual demand.... If Ecker wanted a writ of mandamus directing the magistrate to rescind his commitment order ... he should have directed his arguments to the district court originally." *Id.* at 9 (internal citations and quotation marks omitted).[9]

■ We hold as a general rule that if a petitioner for a writ of mandamus does

---

exercising "civil jurisdiction" over a case based on the consent of the parties. *See* 28 U.S.C. § 636(c). In such a case, there is no route of appeal of the magistrate judge's decision through the district court because the magistrate judge is acting as a district court. *See id.*

9. The only authority perhaps weighing in another direction is the Third Circuit case, *In re U.S. Healthcare*, 159 F.3d 142 (3rd Cir.1998). There, the magistrate judge had remanded a case to state court under the theory that the remand was a non-dispositive order. This conclusion was based on the district court's local rule. *Id.* at 144. The petitioners sought a writ of mandamus to challenge the remand without first appealing the question to the district court. After holding that a remand was a dispositive order (leaving the magistrate judge without authority to issue such an order), the Third Circuit addressed the petitioner's failure to appeal the order to the district court. The court concluded that this failure was no bar because the petitioner had "no realistic remedy other than to seek a writ of mandamus in this court...." *Id.* at 147. The court held that district court review was "inadequa[te]" because the existence of the local rule (which treated the order as non-dispositive) made it "seem[ ] unlikely that the district court would have granted relief on the ground that the magistrate judge did not have jurisdiction to issue an order of remand." *Id.* With this understanding, the court concluded that "in this case it cannot be said that mandamus is being used as a substitute for appeal" and issued the writ. *Id.* The Third Circuit case is distinguishable from the *Califano* line because it presents a narrow exception to the general rule requiring review of the magistrate judge's non-dispositive orders by the district court before mandamus relief can be issued. That is, a party need not seek district court reconsideration if appeal to the district court would have been futile.

not seek reconsideration of a magistrate judge's order with the district court pursuant to 28 U.S.C. § 636(b)(1)(A), then we will find the first *Bauman* factor has not been affirmatively presented. This general rule may give way to an exception if the petitioner can convincingly demonstrate that reconsideration by the district court would have been futile. Apart from this necessarily narrow exception, failure to seek reconsideration of a magistrate judge's non-dispositive ruling by statutory appeal to the district court under 28 U.S.C. § 636(b)(1)(A) will preclude a finding that the first *Bauman* factor is shown, which, in turn, will weigh heavily against the granting of the writ.[10]

At oral argument, petitioners argued that appeal to the district court was futile because the district court assigned the attorney disqualification motion to the magistrate judge. The petitioners argue to us that this assignment implied that the district court was disinterested in the merits of the underlying disqualification motion. That argument has no merit in light of the district court's ability to assign nearly any non-dispositive motion to a magistrate judge, 28 U.S.C. § 636(b)(1)(A), and the district court's corresponding statutory duty to reconsider for correction of clear error. The petitioners' argument falls far short of the convincing evidence needed to invoke the futility exception. We hold that the first *Bauman* factor is not presented here, counseling against granting the writ.

## B

■ We next address the second *Bauman* factor: whether petitioners will be damaged in a way not correctable through ordinary appeal. This factor is readily shown under the authority of *Christensen*, 844 F.2d at 697(holding that attorney disqualification satisfies the second *Bauman* factor). The damage in this case includes the petitioners' loss of a lead counsel who has been on the case for more than six years. And if Simoncini's knowledge could be gained by another counsel, another attorney still may not gain the same quality of attorney-client relationship and rapport that Simoncini evidently had with petitioners. Except for compelling reasons, such as necessary bar admissions, clients should be permitted to have the counsel of their choice. A lost choice of counsel at trial cannot be remedied on direct appeal. These same concerns were expressed in *Christensen*. *Id.* ("Theoretically, Christensen could appeal the disqualification of his counsel after trial. He could not, however, obtain the desired relief on direct appeal because he seeks to be represented by his chosen counsel *at trial*. Once a new attorney is brought in, the effect of the order is irreversible.").

## C

■ We next analyze the third *Bauman* factor, whether there was clear error. Absence of this factor is often dispositive of the petition. We have said that clear error is, if not necessary, a "highly significant" factor. *Merle Norman Cosmetics, Inc. v. United States Dist. Court*, 856 F.2d 98, 100 (9th Cir.1988); *see In re Grand Jury Investigation*, 182 F.3d 668, 670 (9th Cir.1999).

10. Failure to satisfy the first *Bauman* factor will not always result in a denial of the writ of mandamus, especially if either the fourth (oft-repeated error or persistent disregard for federal rules) or the fifth *Bauman* factor (novel issue of circuit law) is satisfied. *See San Jose* *Mercury News, Inc. v. United States Dist. Court*, 187 F.3d 1096 (9th Cir.1999) (granting mandamus when the second, third, and fifth *Bauman* factors favored granting the writ, while the first factor was not satisfied).

This factor weighs on the petitioners' side of the scale. Though we sympathize with the magistrate judge's concern that counsel should not have disregarded a court order, and had alternate ways to challenge the order other than "declin[ing]" to submit the affidavit, nonetheless the process that was due demanded something more. The magistrate judge clearly erred by not affording procedural due process when imposing the sanction on Simoncini, who was not given notice that he might lose representation over his refusal to file an ordered affidavit, and was not given an opportunity to present argument. Ninth Circuit law does not permit a summary disqualification of counsel; for the court to sanction an attorney, procedural due process requires notice and an opportunity to be heard. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("[A]n attorney subject to discipline is entitled to procedural due process, including notice and an opportunity to be heard.") (quoting *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1198 (9th Cir. 1999)); *see also Martens v. Thomann*, 273 F.3d 159, 175 (2d Cir.2001) ("We have held that due process requires that courts provide notice and an opportunity to be heard before imposing any kind of sanctions.") (internal quotation marks omitted). The disqualification of Simoncini and revocation of his *pro hac vice* status is, as the magistrate judge conceded, a sanction. *See also Martens*, 273 F.3d at 175 ("[R]evocation of *pro hac vice* status is a form of sanction that cannot be imposed without notice and an opportunity to be heard.").

The magistrate judge doubtless felt that counsel was on general notice that representation and disqualification were at issue, but the magistrate judge gave no specific notice to Simoncini that the court was considering a sanction for Simoncini's failure to submit the required affidavit, nor that counsel might be disqualified on that ground rather than on the theories asserted by the defendants. In the May 20, 2003, cover letter to the petitioners' required affidavits, Marilynn Winter stated "Mr. Simoncini has respectfully declined to submit an affidavit." We do not assume that counsel can justify this approach. Nonetheless, an appropriate procedure would have been for the magistrate judge to order Simoncini to show cause why he should not be disqualified to serve as counsel in the district court by admission *pro hac vice* if he would not abide the orders of the court. The magistrate judge did not advise Simoncini that the failure could lead to a sanction of loss of *pro hac vice* admission to practice before the district court, and did not hear Simoncini on this issue. It is axiomatic that procedural due process requires notice of the grounds for, and possible types of, sanctions. *See Weissman*, 179 F.3d at 1198 n. 4 (9th Cir.1999).

Moreover, that Simoncini was admitted *pro hac vice* is of no relevance to the requisite amount of notice required. *See, e.g., United States v. Collins*, 920 F.2d 619, 626 (10th Cir.1990) ("Attorneys admitted *pro hac vice* are held to the same professional responsibilities and ethical standards as regular counsel. Once admitted, *pro hac vice* counsel cannot be disqualified under standards and procedures any different or more stringent than those imposed upon regular members of the district court bar."); *Martens*, 273 F.3d at 175–76(citing *Collins* to hold that *pro hac vice* counsel are entitled to notice and an opportunity to be heard before the sanction of disqualification is imposed); *Kirkland v. Nat'l Mortgage Network*, 884 F.2d 1367, 1371 (11th Cir.1989); *Koller v. Richardson–Merrell, Inc.*, 737 F.2d 1038, 1054(D.C.Cir.1984), *vacated on other grounds*, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985). We have adopted this

rule. *See United States v. Ries*, 100 F.3d 1469, 1471 (9th Cir.1996) ("Pro hac vice counsel, '[o]nce admitted, ... cannot be disqualified under standards and procedures any ... more stringent than those imposed upon [members of the local bar].' ") (quoting *Collins*, 920 F.2d at 626) (alteration by brackets in original). *Pro hac vice* counsel, once admitted, are entitled to notice and an opportunity to respond before being disqualified and having their status revoked. *See Johnson v. Trueblood*, 629 F.2d 302, 303–04 (3d Cir. 1980).

This case is similar to *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194 (9th Cir. 1999). In *Weissman*, an attorney (Schonbrun) was ordered to refrain from filing objections to a class-action settlement because he had failed to submit a required document proving that his client was a member of the class. We held that:

> [w]henever the district court imposes sanctions on an attorney, it must at a minimum, afford the attorney notice and an opportunity to be heard. In the instant case, the district court did not give Schonbrun notice or an opportunity to be heard prior to sanctioning him. Therefore, the district court abused its discretion in imposing the sanction.

*Id.* at 1198 (internal citation and footnote omitted). We recognized that notice required more than that Schonbrun be aware of the sanctionable conduct, but that the district court must provide notice of the potential sanctions and the reasons for the sanction. *Id.* at 1198 n. 4. We reversed the order of the district court, finding it to be an abuse of discretion. *Id.* at 1198.[11]

The same rule applies here. The magistrate judge had cause to consider and perhaps impose the sanction given, but it was clear error for the magistrate judge to order the sanction without providing requisite notice and opportunity to respond.[12] Because the procedural error was so clear, we conclude that the third *Bauman* factor points strongly in favor of granting the petition.

### III

 Although we have concluded that the third *Bauman* factor favors granting the petition, even the undoubted strength of this factor is undermined by the petitioners' failure to seek reconsideration in the district court. Important to our determination is the Supreme Court's guidance that "the party seeking issuance of the writ [of mandamus] have no other adequate means to attain the relief he [or she] desires." *Kerr*, 426 U.S. at 403, 96 S.Ct. 2119. Mandamus is an extraordinary writ to be sparingly used, *id.* at 402, 96 S.Ct. 2119, and the petitioners must demonstrate an entitlement to mandamus relief that is "clear and indisputable." *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978). Petitioners, in this case, had a ready route and were obligated to travel it in seeking reconsideration before the district court. That petitioners' did not avail themselves

---

11. Additionally, we held that, even if the order was characterized as attorney discipline rather than as a sanction, Schonbrun was entitled to notice and an opportunity to be heard. *Weissman*, 179 F.3d at 1198. Because notice and an opportunity to be heard was not provided, we held that "[t]he Order cannot stand as an attorney discipline order." *Id.* at 1199.

12. Not only our precedents on procedural due process, but universal principles of law support this conclusion. For centuries, it has been considered error to sanction a party who has not had opportunity to be heard. Hence the Latin maxim *audi alteram partem*, which has been translated "hear the other side." E. Hilton Jackson, *Latin for Lawyers* 127 (6th printing 2000).

of review in the district court strongly counsels against our issuing the writ. When review of a decision of a magistrate judge is available as a matter of right by motion for reconsideration before a district court, the opportunity should be taken before extraordinary review by mandamus is sought. The availability of relief that was forgone by the petitioners and a careful consideration of all the other *Bauman* factors [13] presented do not in sum present a compelling case for the issuance of a writ of mandamus. We will not so lightly interfere in the delicate relationship between the district courts and magistrate judges, where a party has deliberately bypassed a customary means of review. To that end, despite the clear error of the magistrate judge, the availability of relief that was forgone shows that the petitioners' asserted right to mandamus relief is not "clear and indisputable." *Bauman*, 557 F.2d at 656. The petitioners have not carried their burden, and we thus conclude that we should deny, and we hereby deny, the petition for the writ of mandamus.[14]

DENIED.

---

13. The fourth factor, oft-repeated error or persistent disregard of the federal rules, does not apply because there is no evidence that this error has been made more than once. Nor has the magistrate judge repeatedly refused to reconsider the disqualification order. *Cf. Canter*, 299 F.3d at 1154–55 (9th Cir.2002) (holding the fourth guidepost satisfied when the district court "perpetuated its excursion outside the confines of its lawful jurisdiction" in the face of repeated requests for reconsideration by the petitioners).

The fifth factor is also not present, for there are no novel issues to be addressed.

14. The petitioners cannot now seek reconsideration of the magistrate judge's order pursuant to 28 U.S.C. § 636(b)(1)(A). *See* Fed. R.Civ.P. 72(a). However, our rejection of the requested mandamus relief is not intended to prohibit the district court from reconsidering *sua sponte* the magistrate judge's order disqualifying counsel. *See* D. Id. L. Civ. R. 72.1(b)(1) (stating that the district court may "consider sua sponte any [magistrate judge's] order found to be clearly erroneous or contrary to law."). We express no view whether the district court should *sua sponte* reconsider the disqualification; we only note that it is permissible.