INTERNATIONAL ACTION CENTER,
et al., Appellees,

v.

UNITED STATES of America,
et al., Appellees,

Charles H. Ramsey, Chief, District of
Columbia Metropolitan Police, and
District of Columbia, Appellants.

No. 03–5133.

United States Court of Appeals,
District of Columbia Circuit.

June 3, 2004.

Zachary Jay Wolfe, Mara Elizabeth Verheyden–Hilliard, Carl Messineo, Partnership for Civil Justice, Inc., Washington, DC, for Plaintiff–Counter–Defendant–Appellee.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Defendants–Appellees and Amicus Curiae for Appellant.

Edward Eugene Schwab, Assistant, Corporation Counsel, Robert James Spagnoletti, Office of Corporation Counsel, Washington, DC, for Defendants–Appellants.

Eric Alan Kuwana, Patton Boggs, Washington, DC, for Defendant–Counter–Claimant–Appellee.

Roscoe Conklin Howard, Jr., U.S. Attorney, Alan Burch, U.S. Attorney's Office, Washington, DC, for Amicus Curiae for Appellant.

Before HENDERSON, ROGERS and GARLAND, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and amicus curiae. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED** and **ADJUDGED** that the appeal be dismissed for lack of jurisdiction.

 The District of Columbia filed this interlocutory appeal on May 7, 2003, seeking review of an August 30, 2002, order of the district court and of an April 4, 2003, order of a magistrate judge. If the district court's August 30, 2002, order was a final order for purposes of the collateral order doctrine because it "conclusively determine[d] the disputed question," *United States v. Philip Morris,* 314 F.3d 612, 617 (D.C.Cir.2003), the District was required to file an appeal from that order within sixty days. Fed. R.App. P. 4(a)(1)(B). Instead, the District filed its appeal on May 7, 2003, more than six months too late, leaving us without jurisdiction to entertain it. *See Browder v. Director, Dep't of Corrections of Illinois,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (holding that the filing of a timely notice of appeal under Rule 4 is "mandatory and jurisdictional"). On the other hand, if the August 30th order was not final because it left certain additional decisions to the magistrate, the only "final" order was that of the magistrate himself, who ruled on April 4, 2003. To obtain appellate review of that order, however, the District was first re-

quired to seek review in the district court under Federal Rule of Civil Procedure 72(a) by filing objections within ten days, and, if that court affirmed, to then appeal from the affirmance. *See CNPq–Conselho Nacional de Desenvolvimento Cientifico e Technologico v. Inter–Trade, Inc.,* 50 F.3d 56, 57 (D.C.Cir.1995). Because the District did not file timely objections—or, indeed, any objections at all before filing this appeal—we are without jurisdiction to review the magistrate's decision either. *United States v. Ecker,* 923 F.2d 7, 9 (1st Cir.1991) (holding that a magistrate's order cannot be reviewed directly by a court of appeals); *Colburn v. Bunge Towing, Inc.,* 883 F.2d 372, 379 (5th Cir.1989) (same); *Glover v. Alabama Bd. of Corrections,* 660 F.2d 120, 121–22 (5th Cir.1981) (same).

 The District of Columbia argues that its May 8, 2003, motion for reconsideration—which it filed with the district court *after* noticing this appeal—preserves this court's jurisdiction. It does not. Although it is true that "[a] timely appeal may be taken under Fed. R.App. Proc. 4(a) from a ruling on a Rule 60(b) motion," *Browder,* 434 U.S. at 263 n. 7, the District has not appealed from the district court's ruling (entered on July 10, 2003) on the motion for reconsideration, and the time for doing so is long past. Fed. R.App. P. 4(a)(1)(B). Nor did the filing of the Rule 60(b) motion (far) more than 10 days after the district court's August 30, 2002 order extend the time for appealing that order. *See* Fed. R.App. P. 4(a)(4)(A)(vi). Finally, the District's request for a writ of mandamus must be denied, because a "petitioner may not so use the writ of mandamus as a substitute for the relief he failed to seek by a timely appeal." *In re Evansville Television, Inc.,* 286 F.2d 65, 71 (7th Cir. 1961); *accord Calderon v. United States*

*Dist. Court for the Cent. Dist. of California,* 137 F.3d 1420, 1422 (9th Cir.1998).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).